MASSACHUSETTS CENTRAL RAILROAD COMPANY *vs.* BOSTON,
CLINTON AND FITCHBURG RAILROAD COMPANY.

Worcester.    October 4. — 21, 1876.    COLT & MORTON, JJ., absent.

A railroad corporation, across and twenty feet above whose road another railroad is
laid out, cannot recover damages for the expense of maintaining a flagman at the
crossing of a highway, alleged to be necessary to guard against the greater liability
to accidents occasioned by the obstruction of the view along its railroad, by means
of the abutments of the new railroad of the other corporation.

PETITION to the Superior Court under the St. of 1873, *c.* 261,
for a jury to revise an award of damages made by the county
commissioners to the respondent, upon its petition, by reason of
the construction of the railroad of the petitioner.

At the trial in the Superior Court, before *Rockwell*, J., it was
admitted by the petitioner that it had taken for its railroad a
certain tract of land belonging to the respondent, and it was
agreed that damages should be awarded for the same to the
amount of one hundred and eight dollars. The railroad of the
respondent had been in operation several years before the loca-
tion of the petitioner's railroad, and crossed at grade a certain
highway in the town of Berlin. The petitioner located its road
over and across the Boston, Clinton and Fitchburg Railroad,

near said grade crossing, and over and across the highway, and established the grade of its railroad about twenty feet above the railroad of the respondent and above the highway, crossing the railroad and highway by means of a bridge resting upon stone piers and abutments; one or more of the piers being upon the respondent's land near the grade crossing.

The respondent offered evidence, the form of which evidence, if competent, was not objected to, as follows: Until the erection of the piers by the petitioner, the respondent had operated its railroad, and had run trains across the grade crossing safely and without accident. The crossing was a reasonably safe one, and the view up and down the respondent's railroad was free and unobstructed to travellers upon the highway when approaching the crossing. No flagman had ever been employed at the crossing, and there had been no necessity for a flagman at the point, and no request had been made by any one for such flagman. By the erection of the piers the view of travellers on the highway up and down the respondent's railroad was greatly obstructed, and the crossing was thereby rendered unsafe and dangerous without a flagman, both to the public and to the respondent in the use of its road. The selectmen of Berlin by due process of law requested the respondent in writing to station a flagman at the crossing, stating in their request that the crossing had been rendered unsafe by reason of the erection of the piers, and that their request was made by reason thereof. Upon application to the county commissioners by said selectmen, the commissioners, after due notice to the respondent, but without notice to the present petitioner, decided that the stationing of such flagman was necessary for the security of the public, and the respondent thereupon, before the filing of the original petition to the county commissioners for the assessment of damages, stationed a flagman at the crossing and has ever since maintained one at great expense, and will be compelled to employ a flagman constantly in the future, by reason of the erection and maintenance of the piers. The respondent sought to recover damages by reason of the necessity of the employment of the flagman. The above facts offered in evidence were alleged in the petition of the respondent to the county commissioners, and were proved to their satisfaction, and they awarded damages therefor.

The petitioner objected to the admission of any and all of the above evidence, on the ground that it was immaterial and incompetent, and contended that the petitioner was not liable to compensate the respondent for the alleged injury, and that the same did not constitute an element of damages. The presiding judge so ruled and excluded the whole of the testimony, and the parties thereupon submitted to a verdict of the jury, awarding damages to the respondent, to the amount of $108, the agreed value of said land. The respondent alleged exceptions.

*G. A. Torrey*, for the respondent.

*W. S. B. Hopkins*, for the petitioner.

GRAY, C. J. A railroad corporation, across whose road another railroad or a highway is laid out, has the like right as all individuals or bodies politic and corporate, owning lands or easements, to recover damages for the injury occasioned to its title or right in the land occupied by its road, taking into consideration any fences or structures upon the land, or changes in its surface, absolutely required by law, or in fact necessary to be made by the corporation injured, in order to accommodate its own land to the new condition. *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 25, 53. *Old Colony Railroad* v. *Plymouth*, 14 Gray, 155. *Grand Junction Railroad* v. *County Commissioners*, 14 Gray, 553.

But it is not entitled to damages for the interruption and inconvenience occasioned to its business, nor for the increased liability to damages from accidents, nor for increased expense for ringing the bell, nor for the risk of being ordered by the county commissioners, when in their judgment the safety and convenience of the public may require it, to provide additional safeguards for travellers crossing its railroad. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 385, 392. *Boston & Worcester Railroad* v. *Old Colony Railroad*, 12 Cush. 605, 611; and 3 Allen, 142, 146. *Old Colony Railroad* v. *Plymouth*, 14 Gray, 155.

The damages sought to be recovered by the Boston, Clinton and Fitchburg Railroad Company are not for any change required in the condition of its land, or in the structures thereon, but for the expenses of maintaining a flagman, alleged to be necessary to guard against the greater liability to accidents, oc-

casioned by the obstruction of the view along its railroad, at the crossing of a highway, by means of the abutments of the new railroad of the other corporation. Whether and how long this precaution shall be adopted depends upon such orders as the county commissioners, affirming the decision of the selectmen, may from time to time make, according to their judgment of what is necessary for the better security of human life or the convenience of public travel. Gen. Sts. *c.* 63, § 89. St. 1874, *c.* 372, § 126. Their order requiring the flagman in this case cannot affect the measure of damages, because it may be changed by them at any time, and because it was made since the time of the location of the new railroad, by relation to which the damages must be assessed. The claim in question cannot be allowed consistently with the decisions already referred to.

*Exceptions overruled.*