# Central of Georgia Ry. Co., *v.* Union Springs & Northern Ry. Co.

*Right of Way Condemnation Proceedings.*

[DECIDED Nov. 22, 1905, 39 So. REP. 473.]

1. *Corporation; Attacking Validity of Incorporation.*—The fact that the certificate of incorporation issued by the Secretary of State to a railroad does not contain the names of the incorporators who signed the declaration of intention to form such a corporation, cannot be urged as a defense to condemnation proceedings by private individual or a corporation; nor will it support a plea of nul tiel corporation.

2. *Same; Same; Who May Attack.*—A corporation created under form of law and exercising corporate franchises, although irregular in its creation, is a de facto corporation, under the protection of the same law and governed by the same legal principles as that of a de jure corporation, and its user of the rights claim to be conferred by law, cannot be collaterally attacked. Its existence can only be questioned by direct proceedings on the part of the state.

3  *Railroads; Establishment of Terminus; Construction.*—The incorporation of a railroad to run from one place to another place, does not require it to stop·at the corporate limits of the latter place; and it may fix its terminus at such point in the place to which it is to run, as shall be agreed upon between it and the municipal authorities of such place.

*Same; Same; Same.*—Where the city had granted the right of way to a proposed point to the road when in contemplation of being built, and said point had been adopted as a terminus by a resolution of the Board of Directors of the railroad, and it had built its line in that direction from time to time as money could be obtained, the fact that it had built its depot at another point in this terminal city and used it, did not preclude the road from extending its line to the original proposed point; or show an election to adopt the deport as the terminal point.

5.  *Same; Same; Same.*—It is not necessary that a railroad should own propeerty at a point in order for it to make a terminus there and condemn land in that vicinity.

6.  *Eminent Domain; Purpose of Condemnation; Presumption.*—In building its line to a point originally fixed upon as a terminus, the court must presume, in condemnation proceedings, that the railroad is acting for the purpose of serving the public.

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

Appellee filed in the probate court of Bullock county an application to condemn certain lots in the town of Union Springs belonging to appellant. There was judgment of condemnation from which appellant appealed to the circuit court of Bullock county. The appellant, in both courts, filed the following objection and answer in the nature of demurrer to the application. "1st, said application shows that the terminal point of the said U. S. & N. Ry. Co. was Union Springs, in the county of Bullock, and Ft. Davis in the county of Macon, all in the State of Alabama, and said application fails to aver or show that the lands over which the right of way is sought to be condemned, lies or are situated on or near or between said terminal points of plaintiff or applicant. 2nd, Said application fails to show that the lands over which the right of way is sought to be condemned lies or are situated between said Union Springs

in Bullock county, Alabama, and said Ft. Davis in Macon county, Alabama, the terminal points of said Union Springs and Northern Ry. Co.

3rd, Said application fails to show that the lands over which the right of way is sought to be condemned, lie near or continguous to the right of way or depots or terminal points of the said Union Springs and Northern Ry. Co., as already built, established, constructed and now in use.

4th.  Said application shows that the right of way sought to be condemned is to be used for the purposes as stated therein as follows: "For the uses and purposes of building, constructing and operating its line of railway to the water works plant in the town of Union Springs, Alabama." And defendant says that this does not show the right to condemn said right of way for a public use or as a matter of necessity, but does show that said right of way is sought to be condemned for a private use and for private benefit; that is, for the private use and benefit of said applicant.

5th.  Said application fails to state any fact or facts going to show that the applicant has any right in law to condemn a right of way over and across the lands mentioned in said application.

And for further answer the appellant set up the fact that it is a corporation chartered under the laws of the state of Georgia. and operating a line of railroad from Montgomery to Eufaula, in the state of Alabama and through the town of Union Springs, and alleging ownership in the lots over which right of way was sought to be condemned by appellee.  And setting up the further fact that the appellee railroad company was chartered under the laws of the state of Alabama to run between two terminal points within the State, Ft. Davis the one, and Union Springs the other.  That it began to construct its road at the Ft. Davis end and built to Union Springs where, in 1901 it established a terminus on the eastern side of said town by building a depot and freight house and other necessary buildings and tracks; that it had been using as a terminal point the place where its depot was constructed ever since it was constructed, and had

used no other point at any time before the filing of the application in this case, when it decided to extent its said railroad or its said tracks from its present terminal point to the water works in the city of Union Springs, about half mile from its present terminal and over the lots of this appellant, which it is without authority of law to do. The appellant filed also the following sworn plea; "And the said defendant, by G. L. Comer, its attorney, comes and defends the matters and things as set up and asked for in the said application, and says that the said Union Springs and Northern Ry. Co., the applicant in said cause, is not a body corporate duly chartered, organized and existing under the laws of the state of Alabama, as claimed and set forth in its said application and defendant by its said attorney says there is no such corporation under the laws of the state of Alabama as the Union Springs & Northern Ry. Co., as the said applicant has above in its said application alleged, and this the said defendant is ready to verify, wherefore it prays judgment if the said applicant ought to have or maintain its aforesaid action to condemn a right of way over the lands mentioned and described in said application."

The application was amended, and appellant refiled the sworn plea above set out and the objections and answers by way of demurrer numbered from one to five as above set out, and the following additional grounds of objection and answer by way of demurrer to the amended application.

6. Said application fails to show that applicant has a charter or franchise authorizing it to construct a road along or across said lots.

7. Said application fails to set forth facts showing that a way or right of way over and across the lots described in the application is necessary to carry out the purposes of the charter of applicant.

8. Said application fails to set forth facts showing a necessity for a way and right of way for its mainline, spur tracks, or its side track, or extension by the applicant over and across the lots described.

9. Said amended application does not designate the terminal point in Union Springs of the applicant.

10. Said application does not show that it is necessary, in order to construct or build the road of applicant to its terminal point in Union Springs, to acquire a right of way over the lots described.

11. Said application does not state facts showing that the terminal point of the applicant lies beyond the lots of respondent, and that in order to reach such terminal points, it is necessary to acquire the right of way over the lots of respondent.

12. Said amended complaint fails to show that the corporate authorities of said complainant has ever at any time selected the water works plant in Union Springs, or a point at or near said water works plant as its terminal point in Union Springs. These demurrers were overruled by the court and the action of the court in overruling is assigned as error.

The complainant offered in evidence the declaration of incorporation setting forth the allegation acquired by § 1157 of the Code, and filed with the Secretary of state and signed by seven persons as incorporators, to which the appellant objected. The court overruled this objection. The complaint then offered a commission issued by the Secretary of state to three of the signers of the declaration constituting them a "body of incorporators," to receive subscriptions to the capital stock of the corporation. The appellant objected to this paper writing because it was not issued to three persons constituting a commission or commissioners to open books of subscription, as is required by law. This objection was overruled. The report of the commissioners properly verified by one of their number was next offered and objected to. The complainant then offered a certificate issued by the Secretary of state which purported to be a certificate of incorporation, but was addressed to "the subscribers to the declaration of incorporation, their successors and associates," without naming any one of them. Objection was made by appellant to the introduction of this certificate on the ground that the incorporators were not named therein, and that it did not comply with the law in such cases. This objection was overruled. The court at the instance of applicant gave the affirmative charge with hypothesis. There was a judgment condemn-

ing a right of way over the lots described in the application and from it this appeal was prosecuted.

G. L. Comer, for appellant, insisted that a de facto railroad in Alabama has no power or authority to exercise the right of eminent domain; that that right can be exercised only by a de jure corporation; and that before this right can be exercised by a railroad all of the requirements of the statute must be complied with, *citing* §§ 1156-7-8-9-60-61 of the Code; Morawitz on corporations, §§ 26, 27, 768, 772; *S. & T. R. R. Co. v. Tipton,* 5 Ala. 787; *Carlisle v. C. & M. R. R. Co.,* 4 Ala. 70; *Bigelow v. Gregory,* 73 Ill. 197; *Abbott v. Omaha Smelting Co.,* 4 Neb. 416; *Doyle v. Mizner,* 42 Mich. 332; *Utley v. Union Tool Co.,* 11 Gray 139; *McIntire v. McLarin D. Ass'n.,* 40 Ind. 104; *Indianapolis F. & C. Co. v. Herkimer,* 46 Ind. 142; *Unity Ins. Co. v. Cramer,* 43 N. H. 636; *Schloss & Kahn v. Montgomery Trade Co.,* 87 Ala. 411; That having no special charter granted by the legislature, but only a certificate of incorporation under the general laws of the state, the appellee is required to prove that it has strictly complied with the law in such cases before its corporate capacity can be shown, citing, Waite's Actions and Defences, Ed. of 1878, Vol. 5, 286; *Arrington v. Savannah & Western R. R. Co.,* ————; *A. & O. R. R. Co. v. Sullivant,* 5 O. S. Rep. 276.

Ernest L. Blue. for appellant, insisted that the fact that the certificate of incorporation did not contain the names of the incorporators, especially where the proof showed an acceptance of the charter and a user of its rights and franchises by the proposed corporation, would not support a plea of nul tiel corporation; and that the existence of the corporation could not be questioned by an individual or corporations, but only at the hands of the sovereign, citing Morawitz on Private Corporations, 2nd Ed. § 27; 7 A. & E. Enc. of Law (2nd Ed.) p. 655-661-663; *Sparks v. Woodstock L. & S. Co.,* 87 Ala. 294. That the question of condemnation was one of law for the court citing, 91 Ala. 606; 10 A. & E. Enc. of Law (2nd Ed.) p. 1057; that the Company authorized by its charter to build its railroad from or to a certain city

may locate one terminus thereof within such city or town, citing 23 A. & E. Enc..of Law, (2nd Ed.) p. 687. That the court will presume the use of the right of way to be for the benefit of the public.

SIMPSON, J.—This is a proceeding by appellee to condemn a right of way over certain lots in Union Springs, Alabama.

The first proposition insisted upon by the appellant is that the appellee corporation was not duly organized according to our statutes, and consequently, had no right to condemn the right of way. It claims that the corporation was not duly organized because the certificate of its organization does not contain the names of the incorporators. While it is true that 1163 of the Code does state that "when duly organized a corporation has power, etc," yet, to give that expression the strict construction contended for by the appellant, would be to declare that all other powers of the corporation are dependent upon a literal compliance with all the requirements of the statute and to abrogate the doctrine of *de facto* corporations and to admit the plea of *nul tiel* corporations in all suits brought by them.

It is true that in 2nd Cook on Corporations, (5th ed.) § 637, it is stated that "where a railroad corporation attempts to acquire a right of way, the person, whose property will be affected thereby, may oppose the acquisition of the right of way by showing that the company is not legally incorporated," but a reference to the case on which that remark is based shows that the act under which the corporation professed to act required it to begin construction and expend ten per cent. of its capital within five years, and specially declared that if it did not do so "its corporate existence and powers should cease." Nothing had been done and there was no pretense of a *de facto* corporation.—*Brooklyn W. & N. Ry. Co. v. Broadway Ry. Co.,* 72 N. Y. 245.

In the same section the learned author goes on to state that, "If there is a law authorizing incorporation, and a company has attempted to organize under it, and has acted as a corporation it is a *de facto* corporation, and its *de jure* existence can be questioned only by the

state." This proposition is fully borne out by the great weight of authority, notwithstanding the remarks *contra* in the case of *N. Y. Cable Co. v. Mayor,* 104 N. Y. 43; *Independent Order, etc. v. United Order of Foresters,* 94 Wis. 234, 239-40; *Brown v. Calumet River Ry.,* 125 Ill. 600, 606; *Portland & Greenwood Turnpike Co. v. Bobb,* 88 Ky. 226, 228; *Wellington & P. R. R. v. The Cashie, etc. Lumber Co.,* 114 N. C. 690.

This court has declared that "a corporation *de facto* exists when, from irregularity or defect in the organization or constitution, or from some omission to comply with the conditions precedent, a corporation *de jure* is not created, but there has been a colorable compliance with the requirements of some law under which an association might be lawfully incorporated for the purposes and powers assumed, and the *user* of the rights claimed to be conferred by the law—when there is an organization with color of law and the exercise of corporate franchises," and it also states that such *de facto* corporations "are under the protection of the same law and governed by the same legal principles as those of the former so long as the state acquiesces in their existence and the exercise of corporate functions. A private citizen, whose rights are not invaded, who has no cause of complaint has no right to inquire collaterally into the legality of its existence. This can only be done by a direct proceeding on the part of the state, from whom is derived the right to exist as a corporation and whose authority is usurped."—*Owensboro Wagon Co. v. Bliss,* 132 Ala. 253, 256. See also *Bibb v. Hall,* 101 Ala. 80, 96.

It is not necessary to decide whether or not the facts show a substantial compliance with the statute.

It is next insisted that the appellee company having been built according to charter to Union Springs, and having fixed its terminus by establishing its depot, it cannot now extend its line to the proposed point near the water works. It is true that the railroad was organized to run from Ft. Davis to Union Springs, but such expression does not mean that it shall stop at the corporate limits. A reasonable interpretation, which is also in accordance with the universal custom in such cases, is that the railroad shall fix its terminus at such place

in said city as shall be agreed upon between said railroad and the city authorities.—Miles on Eminent Domain, § 115; *Farmers' Turnpike Road Co. v. Coventry,* 10 Johnson's Rep. 389; *Rio Grande R. R. v. Brownville,* 45 Tex. 88.

There is no proof that the railroad company ever intended to make its terminus at the point to which it has been running, except the mere fact that it built a depot there and has been using it. On the contrary, the ordinances of the city of Union Springs, running back to December 1900, when this road was contemplated, granted the right of way to said company along the proposed line to a point on Powell street, near the water works, showing that the original intention was to run to that point. In addition, it is shown by the evidence that that was adopted as the terminus by resolution of the corporation, and a considerable portion of the line graded in 1901, and that it had been built in that direction from time to time as the money could be obtained. These being the facts, we hold that there is no merit in this contention.

It is next insisted that, as the appellee has no property at the point to which it is sought to run the road, and as the right of way sought would not connect in any way with the main line of appellee, this terminus is sought not for public use but for private benefit. In regard to the first proposition, the line of the road as shown upon the map, in evidence, shows that this extension is a continuation of the main line. It is not necessary that the railroad should own property at a certain point in order to make its terminus there. It being a part of a public railroad, for public purposes and it being the terminus originally fixed as before shown, we must presume that the building of it to such point is for the purpose of serving the public.

We find no error in the record and the judgment of the court is affirmed.

Affirmed.

HARALSON, DOWDELL and DENSON, JJ., concurring.