# Alabama Fidelity Mort. & Bond Co. v. Dubberly, et al.

### Bill to Annul and Avoid Consolidation of Company.

(Decided June 30, 1916. Rehearing denied January 18, 1917.
73 South. 911.)

1. Corporations; Suit by Stockholders; Fraud of Directors.—A suit may be maintained in equity by minority stockholders against the directors of the corporation for a wrongful diversion of the funds and a transfer of its assets to a consolidated corporation, in fraud of the rights of the stockholders, unless the relief sought is foreclosed by the procedure in forming the new corporation, either de facto or de jurie.

2. Same; De Facto; Questioning Existence.—Where a corporation could be lawfully created, and a colorable and bona fide attempt. is made to do so, a de facto corporation results, and its existence and power can not be questioned in law or in equity except by direct proceedings in the name of the state.

3. Same; De Facto; Consolidation; Irregularity.—Where an insurance corporation entered into an agreement to consolidate with a noninsurance corporation, and the agreement was ratified by its stockholders and there afterwards the charter was amended, as it legally might be, so as to permit the consolidation, although the first consolidation was irregular under subdivision 11, § 3481, Code 1907, this irregularity did not prevent the consolidated corporations from being at least a de facto corporation whose organization could be attacked only in a direct proceeding by the state.

4. Same; Directors; Interest Adverse to Corporation.—If the same persons as directors of two different corporations represent both corporations in a transaction in which their interests are opposed, their transaction may be avoided by either corporation or by a stockholder, without regard to the question of advantage or detriment.

5. Same; De Facto; Consolidation; Fraud; Attack.—Notwithstanding the rule that the organization of a de facto corporation can be attacked only by a proceeding in the name of the state, a de facto corporation formed by the consolidation of two other corporations can be attacked by a stockholder in one of the constituent corporations for fraud of the common directors of the consolidated corporations.

6. Same; Fraud of Directors; Remedy of Stockholder; Estoppel.—The stockholder participating in the meeting at which a consolidation agreement was adopted and voting in favor thereof and subsequently accepting stock in the consolidated corporation are not thereby estopped to attack the agreement for fraud of the directors of which they were ignorant at the meeting.

7. Same; Action by Stockholder; Requested Corporation Action; Necessity.—Where the directors own the majority of the stock so that a request for corporate action would be unavailing, minority stockholders can maintain a bill to set aside acts of the directors on the grounds of fraud without showing a request for redress by corporate action.

8. Same; Dissolution; Necessary Parties; Stockholders.—In the absence of a showing that it is practically impossible or inconvenient to make all the

[Alabama Fidelity Mort. & Bond Co. v. Dubberly, et al.]

stockholders parties, or that their interests are adequately represented, all of the stockholders of the corporation are necessary parties to a bill for the dissolution of the corporation.

9. **Parties; Necessity of Objection.**—The non joinder of necessary parties is taken cognizance of by the court of its own motion, although that question is not raised by demurrer.

10. **Corporations; Action by Stockholders; Consolidation; Innocent Stockholders.**—The right of stockholders of one of the constituent corporations, who consented to its consolidation with another corporation, to have the consolidated corporations dissolved because of fraud of the directors, of which they were ignorant when they consented to the consolidation, is subordinate to the rights of innocent stockholders of the consolidated corporation, even though the protection of the rights of these innocent stockholders deprives the other stockholders of their remedy in equity by dissolution, and leaves them only their remedy at law against the directors.

APPEAL from Montgomery Chancery Court.

Heard before Hon. OSCAR S. LEWIS.

Bill by P. R. Dubberly and others against the Alabama Fidelity, Mortgage and Bond Company to cancel and annul the consolidation of the corporation and for other relief. From a decree overruling demurrers to the bill respondent appeals. Reversed and remanded.

The bill is filed by a minority stockholder of the Alabama Fidelity & Casualty Company, for himself and others who may desire to join therein, against the Alabama Fidelity & Casualty Company, the Fidelity Mortgage & Bond Company, and the Alabama Fidelity Mortgage & Bond Company. The ultimate and primary purpose of the bill is: First, to fasten personal liability upon the directors of the Alabama Fidelity & Casualty Company for a wrongful diversion and appropriation of $1⌐0,000 of its corporate funds for the purchase, for the personal benefit of one or more of said directors, of the capital stock and bonds of the Fidelity Mortgage & Bond Company, alleged to be worthless, or of small value; second, to charge said directors with certain large premiums wrongfully collected from complainant and the other stock subscribers on the original stock subscribed for by them, it being alleged that the said directors took their own stock at par only; third, to charge said directors with all corporate property improperly disposed of by them, including all assets turned over by them to the Alabama Fidelity Mortgage & Bond Company, following its organization by the attempted consolidation of the said Alabama Fidelity & Casualty Company with the said Fidelity Mortgage & Bond Company; and, fourth, to procure the dissolution of the said Alabama Fidelity & Casualty Company, and

[Alabama Fidelity Mort. & Bond Co. v. Dubberly, et al.]

a distribution of its assets among its shareholders, with the appointment of a receiver, and other steps appropriate to that end. As a necessary preliminary to the foregoing relief, the bill seeks to annul and avoid a consolidation of the Alabama Fidelity & Casualty Company with the Fidelity Mortgage & Bond Company, by which was formed the present Alabama Fidelity Mortgage & Bond Company, to the supposed extinction of the two parent companies.

This avoidance of the consolidation is predicated upon three main propositions of law: First, that the Alabama Fidelity & Casualty Company was organized for the primary purpose of conducting an insurance business, and by the express terms of the statute (section 3481, subd. 11, Code 1907), it was prohibited from consolidating with the Fidelity Mortgage & Bond Company, which was not engaged in the insurance business; second, that the agreement of consolidation was, as to Alabama Fidelity & Casualty Company, unlawful and voidable, in that it was the action of a directorate, 7 of whose 13 members, representing a large majority of the corporate stock, were also members of the 9-member directorate of the other consolidated company; third, that said agreement was for the unfair and fraudulent purpose of securing benefit for those directors, who were also directors and large stockholders of the Fidelity Mortgage & Bond Company, to the detriment of minority stockholders, and, as made, voidable at the instance of any stockholder not barred by laches or estoppel.

Among the many grounds of demurrer assigned, all are comprehended under the following heads: First, that the bill showed that there was in fact, a valid consolidation, so as to create a new de jure corporation, the Alabama Fidelity Mortgage & Bond Company; second, in any case, it showed the creation of a corporation de facto, whose existence and powers, as successor to the two antecedent corporations, can be questioned only in a direct proceeding by the state; third, the complainants cannot maintain their bill as stockholders in the Alabama Fidelity & Casualty Company, as against the consolidated corporation in the right of dissentient stockholders in the original corporation to have their stock appraised and paid for as provided by section 3507 of the Code. Fourth, that the stockholders of the Alabama Fidelity & Casualty Company are not made parties to the bill, although they are necessary parties.

[Alabama Fidelity Mort. & Bond Co. v. Dubberly, et al.]

JOHN R. TYSON, for appellant.    W. A. GUNTER, for appellees.

SOMERVILLE, J.—There can be no serious controversy as to the right of complainants to maintain their bill for the relief sought against the Alabama Fidelity & Casualty Company and its directors, if that relief is not foreclosed, as to the mode of procedure here attempted, by the de jure or de facto consolidation of said company with the Fidelity Mortgage & Bond Company.

The principles upon which such relief is founded are quite well settled, and the bill makes a case of official malversation and abandonment of the corporation by directors and stockholders, within those principles.—*Noble v. Gadsden Land Co.*, 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27; *Phinizy v. Anniston City Land Co.*, 195 Ala. 656, 71 South. 469; *Pepper v. Addicks* (C. C.) 153 Fed. 383; *Brewer v. Boston Theater*, 104 Mass. 378; *Old Dominion Copper Co. v. Bigelow*, 203 Mass. 159, 89 N. E. 193, 40 L. R. A. (N. S.) 314; *Bosworth v. Allen*, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667; 7 R. C. L. § 472, page 490, citing *Decatur Mineral Land Co v. Palm*, 113 Ala. 531, 21 South. 315, 59 Am. St. Rep. 140.

The question of paramount importance, by which the fate of the bill must be determined, is upon the power of the chancery court in this proceeding to declare invalid and abortive the corporate consolidation complained of, or to avoid it as a fraud upon these minority stockholders, even though it resulted in the formation of a de jure or de facto corporation at law.

(2) It is, of course, a well-settled general rule of law, as well as equity that, where a corporation could be lawfully created, and a bona fide and colorable attempt is made to do so, a de facto corporation may result, however irregular, informal, or defective the incorporation proceedings may be, and that in such case the existence and powers of the corporation can be questioned only by a direct and appropriate proceeding in the name of the state. —*Duke v. Cahawba Navigation Co.*, 16 Ala. 372, 455; *Central, etc., Ass'n v. Ala. Gold Life Ins. Co.*, 70 Ala. 120; *Snider's Sons Co. v. Troy*, 91 Ala. 224, 8 South. 658, 11 L. R. A. 515, 24 Am. St. Rep. 887; *Nat. Com. Bank v. McDonnell*, 92 Ala. 387, 9 South. 149; *Harris v. Land Co.*, 128 Ala. 652, 29 South. 611; *Cen. Ga. Ry. v. U. S. & N. Ry. Co.*, 144 Ala. 639, 39 South. 473, 2 L. R. A. (N. S.) 144; R. C. L. § 45, p. 64; Id. § 49, p 68; 10 Cyc. 252, 2; Id. 256, p.

(3) By the express terms of the statute (Code, § 3481, subd. 11), the Alabama Fidelity & Casualty Company, being formed for and engaged in the business of insurance, was prohibited from consolidating with the Fidelity & Bond Company, a non-insurance company. But it was legally authorized to amend its charter, and so to become qualified for the contemplated merger. The bill shows that the merger agreement made by the directorates of the two companies was made on September 20, 1913, and was ratified and adopted by 70 per cent. of the required 90 per cent. of the stockholders on October 23, 1913; whereas, the charter was amended by action of the stockholders on October 23, 1913, *after* said partial adoption of the articles of consolidation.

This procedure was undoubtedly irregular and invalid, but we are clear in the conclusion that, since every necessary step was within the legally authorized powers of two consolidating companies—viz., the charter amendment, the joint agreement of merger, and its ratification and adoption by the respective shareholders—the result was at least a de facto corporation, and, further, that the irregularity in its organization is a matter that concerns only the corporation and the state, and therefore can be complained of only by the state.—*Leavenworth County Com'rs v. Chicago, etc., R. R. Co.*, 134 U. S. 688, 700, 10 Sup. Ct. 708, 33 L. Ed. 1064; *Cen. Ga. Ry. Co. v. U. S. & N. Ry. Co.*, 144 Ala. 639, 39 South. 473, 2 L. R. A. (N. S. 144.

This aspect of the bill is presented as an independent ground of relief, and the separate demurrer to this part of the bill—specifically, paragraph 9—should have been sustained. The right to the ultimate relief sought against the Alabama Fidelity & Casualty Company and its directors must therefore depend upon the merit of that aspect of the bill which seeks to avoid the consolidation of the two companies by reason of the identity of the personnel of a majority of the two several directorates, whose action brought about the consolidation in question.

(4) It is the settled law of this state that if the same persons, as the directors of two different companies, represent both companies in a transaction in which their interests are opposed, such transaction may be avoided by either company, or at the instance of a stockholder in either company, without regard to the question of advantage or detriment to either company.— *O'Conner M. & M. Co. v. Coosa Furnace Co.*, 95 Ala. 614, 10 South. 290, 36 Am. St. Rep. 251; *M. & C. R. R. Co. v. Woods,*

88 Ala. 630, 641, 7 South: 108, 7 L. R. A. 605, 16 Am. St. Rep. 81.

This doctrine is founded upon that rigorous rule of morality, to be found, perhaps, in every enlightened system of jurisprudence, which recognizes one of the commonest of the infirmities of human nature, and sternly forbids the unequal conflict between duly and self-interest. "The value of the rule of equity, to which we have adverted, lies to a great extent in its stubbornness and inflexibility. Its rigidity gives it one of its chief uses as a preventive or discouraging influence, because it weakens the temptation to dishonesty or unfair dealing on the part of trustees, by vitiating, without attempt at discrimination, all transactions in which they assume the dual character of principal and representative."—*Munson v. S. G. & C. R. Co.*, 103 N. Y. 58, 74, 8 N. E. 355, 358. In the administration of trusts this is one of the master principles of equity.

(5) The consolidation of existing corporations operates in a sense as the formation of a distinctly new corporation; but, unlike original corporate organization, consolidation initially depends upon the action of boards of directors; and their agreement to that end, in so far as it involves the honest administration of their trust and the equitable rights of the stockholders, cannot escape the scrutiny and judgment of a court of conscience. And when its jurisdiction is invoked for the prevention or redress of fraud practiced by directors upon stockholders in the matter of corporate consolidation, that jurisdiction will not yield to that rule of policy merely, which forbids the interception of de facto corporate life by a private individual in a collateral proceeding. Indeed, neither the reason nor the policy of the latter rule has any application to such a case.

We therefore hold, on this aspect of the bill, that these complainants, as minority stockholders in the Alabama Fidelity & Casualty Company, are equitably entitled to impeach and avoid the consolidation of that company with the Fidelity Mortgage & Bond Company, as a fraud on the former company and its stockholders. In this conclusion, an actual fraudulent purpose on the part of the directors, though charged in the bill, is not a necessary factor, although it adds weight to complainants' case.

(6) We may note, in passing, that the allegations of the bill show that complainants' participation in the meeting of the stockholders at which the consolidation agreement was ratified and adopted, their approving vote, and their acceptance of stock in

[Alabama Fidelity Mort. & Bond Co. v. Dubberly, et al.]

the new corporation, were all done in ignorance of the fraudulent purpose of their directors, as well as of the other facts upon which their equity is grounded.  Of course, if complainants had knowledge of these facts when they did those things, they could not now complain, for the principle of estoppel would be fatal to their right to relief.—*M. & C. R. R. Co. v. Grayson,* 88 Ala. 572, 576, 7 South. 122, 16 Am. St. Rep. 69.

(7) The bill shows, also, that it would have been utterly useless for complainants to have appealed to either the corporate directors or the stockholders for redress action by the corporation in its own name, since both bodies are completely controlled by the wrongdoers whose conduct is complained of.  In such a case, as often decided, a stockholder may maintain the bill without alleging that he has first applied to the corporation or its directors and requested corporate action.

It results, from the foregoing, that the bill as a whole contains equity, and is not subject to any of the special grounds of demurrer.

(8, 9)  However, as the bill is for a dissolution of the Alabama Fidelity & Casualty Company, all of its stockholders are necessary parties to the bill; and, in the absence of a showing that it is practically inconvenient to make them parties, or that their interests are adequately represented—in accordance with the rule declared in *Noble v. Gadsden L. & I. Co.,* 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27—the cause cannot proceed without bringing in all stockholders as parties.—*McKleroy v. Gadsden L. & I. Co.,* 126 Ala. 184, 28 South. 660.   This point is not made by demurrer, but the nonjoinder of necessary parties is noticed by the court ex mero motu under our practice.—*Russell v. Bell,* 160 Ala. 480, 49 South. 314.   Since the bill seeks also the dissolution of the consolidated company, a de facto corporation, the same rule demands that its stockholders should also be brought in as parties defendant to the bill.

(10)  In affirming the right of complainants to effect a practical dissolution of the consolidated de facto corporation—the Alabama Fidelity Mortgage & Bond Company—in order to secure the relief to which they may be entitled as against the Alabama Fidelity & Casualty Company and its unfaithful directors, we deem it necessary to now state what we conceive to be a necessary limitation upon that right:

We have declared that the Alabama Fidelity Mortgage & Bond Company is a de facto corporation, and from this it results

that its innocent stockholders, if there be any, have the same rights and are entitled to the same protection, *as stockholders,* as if the company were a de jure corporation. The dissolution of this corporation, as herein sought would obviously deprive them of their property, in whole or in part. It would be a painful travesty upon justice if a court of equity, in order to conserve the rights of a few stockholders in one of the parent companies, should destroy the property rights of innocent stockholders in the new company. They knew nothing of breaches of trust by directors, and the recorded approval of the corporate merger by the votes of these complainants was a public proclamation of its validity, and a public invitation to them to invest their money in the stock.

As between complainants and *innocent stockholders* in the de facto company, we would be bound to apply in favor of the latter the ancient maxim that, where one of two innocent persons must suffer a loss, the loss must fall upon him whose conduct has primarily caused the loss. In such a case, the court would not grant relief to complainants by decreeing the disruption, and the dissolution and winding up, of the Alabama Fidelity & Casualty Company. And it would seem that the claims of bondholders, and even of unsecured creditors, whose credit has been extended to the de facto company without notice of the equity of complainants to avoid the consolidation, could not be defeated by such a dissolution. These questions, however, will arise only when presented by answer to the bill.

We, of course, anticipate the objection that this limitation upon complainants' right may in effect withdraw the substance and leave only the shadow of the right. If so, the result is none the less founded on principles of policy and equity which are of paramount importance, and which must be preserved by the courts. In the contingency noted, complainants would necessarily be remitted to their remedy at law against the directors of the Alabama Fidelity & Casualty Company for such damage as their wrongful conduct has occasioned.

It results that the decree will be reversed, and one will be here rendered, sustaining the demurrer to the ninth paragraph of the bill, and also as for nonjoinder of necessary parties respondent.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.