CAIRO, TRUMAN & SOUTHERN RAILROAD CO. *v.* ARKANSAS SHORT LINE.

Opinion delivered December 6, 1926.

1. EMINENT DOMAIN—ISSUE AS TO RIGHT TO CONDEMN.—As the condemnation statute provides for no issue on the right to condemn, the only remedy of a railroad company desiring to prevent condemnation of a crossing over its right-of-way by another railroad is in a court of equity, to which the case should be transferred if the facts alleged in the answer justify equitable relief.

2. EMINENT DOMAIN—EXERCISE BY DE FACTO RAILROAD.—A *de facto* railroad corporation can exercise the power of eminent domain.

3. CORPORATIONS—RIGHT TO CHALLENGE EXISTENCE.—When a corporation is organized as the statute requires, neither its purpose nor its validity is questionable, and any proceeding which challenges its right to exist must be instituted and maintained by the State under whose laws it is organized.

4. EMINENT DOMAIN—POWER OF DE FACTO CORPORATION.—The fact that a railroad company's articles of incorporation recite that the purpose of its incorporation is to operate as a carrier of freight only does not prevent it from being a *de facto* railroad exercising the power of eminent domain.

5. EMINENT DOMAIN—ELIMINATION OF DAMAGES BY STIPULATION.—Where a railroad company seeks to condemn a right-of-way across the right-of-way of another company, the former may eliminate the element of damages for maintenance of such crossing by stipulating to maintain same at its own expense.

6. EMINENT DOMAIN—COST OF MAINTAINING FLAGMAN.—A railroad company cannot claim, as compensation for taking its land for right-of-way of another company over its tracks, the cost of maintaining a flagman or the cost of stopping and starting trains at such crossing, as statutes requiring a flagman and the starting and stopping of trains at crossings are police regulations.

7. EMINENT DOMAIN—DAMAGES—POLICE REGULATION.—Neither a natural person nor a corporation can claim damages on account

of being compelled to obey a police regulation designed to secure the common good.

8.   EMINENT DOMAIN—CROSSING OF RAILROAD.—Every railroad corporation takes its right-of-way subject to the rights of the public to have other highways constructed across it when necessary.

Appeal from Poinsett Circuit Court; *W. W. Bandy,* Judge; affirmed.

*Gautney & Dudley,* for appellant.

*N. F. Lamb* and *Allen Hughes,* for appellee.

HART, J.   This is an appeal from a judgment of the circuit court fixing the compensation to be paid by the appellee, Arkansas Short Line, to the appellant, Cairo, Truman & Southern Railroad Company, for a railroad crossing over its right-of-way.   It appears from the record that both appellant and appellee are railroad corporations duly organized to construct railroads between points within the State of Arkansas.

Article 17, § 1, of our Constitution provides that every railroad company shall have the right with its road to intersect, connect with or cross any other road.   In pursuance of the provision of this section of the Constitution, the Legislature of 1883 passed an act giving every railroad corporation created and organized under the laws of this State, or created and organized under the laws of any other State or the United States and operating a railroad in this State, the power to cross, intersect or unite its railroad with any other railroad.   The act further provides that every railroad company whose railroad shall be crossed by any new railroad shall unite with the corporate owners of such new railroad in forming such crossing, and shall grant to such railroad all the necessary facilities for that purpose.   Crawford & Moses' Digest, § 8489.

Section 8490 provides that, if the two corporations cannot agree upon the amount of compensation to be made for the purpose set forth in the preceding section, or the points or manner of such crossing, the same shall be ascertained and determined by a court of competent

jurisdiction in the same manner as provided for the ascertainment of damages for right-of-way for railroads.

It is contended, however, that, inasmuch as no provision is made in our condemnation statute for an issue upon the right to condemn, the only remedy is in a court of equity to which the case should have been transferred upon the facts alleged in the answer of appellant. *Niemeyer & Darragh* v. *Little Rock Junction Ry.,* 43 Ark. 111; and *St. L. I. M. & S. R. Co.* v. *F. S. & V. B. Ry. Co.,* 104 Ark. 344, 148 S. W. 531. Counsel for appellants are right in this contention, provided the facts alleged by appellants are sufficient to justify the equitable relief.

It is first contended that appellee is not a *de jure* railroad corporation, because nearly all of its stock was subscribed by a corporation which had no power to subscribe to the stock of another corporation, and that, not being a corporation *de jure,* it had no right to condemn a crossing over the right-of-way of appellant. In short, it is contended that a *de facto* corporation cannot exercise the power of eminent domain. This is contrary to the weight of authority on the question.

In *Natural Docks R. Co.* v. *Central R. Co.,* 32 N. J. Eq. 755, it was held that a court of chancery would not, on a motion for a preliminary injunction to restrain the Natural Docks Railway Company from constructing its railroad across the Central Railroad Company's land, inquire into the *de jure* existence of the former company as long as it had complied with all formal requirements and was a *de facto* corporation. It was said that there was no jurisdiction in a court of chancery to determine the legality of the existence of such a corporation.

The general rule is that, when a corporation is organized as the statute requires, neither its purpose nor its validity is questionable, and any proceeding which challenges its right to exist must be instituted and maintained by the State under whose laws it is organized. Most of the decisions in support of the rule say that it would produce manifest confusion and hardship if the right of the corporation to exist could be called into ques-

tion by every litigant with whom it came in contact during its business career, and that therefore the principle is wisely established that, after a corporation is organized as by law required, no adverse litigant can, in a collateral proceeding, challenge its right to exist. *Calor Oil & Gas Co.* v. *Franzell,* 128 Ky. 715, 109 S. W. 328, 36 L. R. A. (N. S.) 456; *Central of Georgia Ry. Co.* v. *U. S. & N. Ry. Co.,* 144 Ala. 639, 39 So. 473, 2 L. R. A. (N. S.) 144; *Sisters of Charity* v. *Morris R. Co.,* 84 N. J. L. 310, 86 Atl. 954, 50 L. R. A. (N. S.) 236; *Chicago & W. Ind. R. Co.* v. *Heidenreich,* 254 Ill. 231, 98 N. E. 567, Ann. Cas. 1913C, p. 266; and *Morrison* v. *Indianapolis, etc., R. Co.,* 166 Ind. 511, 9 Ann. Cas. 587.

In *Cumberland Tel. & Tel. Co.* v. *Louisville Home Tel. Co.,* 114 Ky. 892, 72 S. W. 4, the court said that the reason for the rule is that it would produce endless confusion, and destroy the corporation, if the legality of its existence could be drawn in question in every suit to which it was a party, for then no judgment could be rendered which would finally settle the question.

This holding is in accordance with our own decisions. *Brown* v. *Wyandotte & Southeastern Ry. Co.,* 68 Ark. 134, 56 S. W. 862, and *Jones* v. *Dodge,* 97 Ark. 248, 133 S. W. 828. In *Niemeyer & Darragh* v. *Little Rock Junction Ry.,* 43 Ark. 111, it was recognized that, under a statutory proceeding to condemn land for right-of-way for railroads, no provision is made for any issue upon the right to condemn, and the owner cannot in that proceeding question the legality of the corporation. In discussing the question the court said:

"To attack its existence collaterally is not permissible. (See cases cited in Abbot's Dig. of Law of Corp., pp. 365 *et seq.*). A plea in the nature of *nul tiel* corporation would not be safe in the face of complete articles of association. If the objection were made on the ground of fraud in obtaining the franchise, it would still be true that the jurisdiction and proceedings in chancery to relieve such fraud are more complete and effective than at law."

Neither will the fact that the articles of association of appellee recite that the purpose of its incorporation is to operate as a carrier of freight only prevent it being a *de facto* corporation. Everything necessary to constitute it a corporation has been done, colorably at least. The act of the Legislature providing for the incorporation of railroad companies was followed. The question of whether the State could compel it to perform all the duties required by statute is not before us.

It follows that the right of eminent domain may be exercised by a *de facto* corporation, and, even under the allegation made by appellant, appellee was organized as a railroad corporation according to the forms of law, and was at least a *de facto* corporation. In this view of the matter, no useful purpose could have been served by transferring the case to chancery, for the result should have been that the chancery court would have dismissed the complaint of appellant to enjoin appellee from proceeding to condemn a crossing over its right-of-way, for the reason that appellee was a *de facto* railroad corporation, and, under our Constitution and laws, had the right to cross the railroad of appellant.

This brings us to the real question in the case, which is, did the circuit court adopt the correct rule as to the measure of damages?

One element of damages was eliminated by a stipulation to the effect that appellee obligated itself to maintain in suitable and proper repair, at its own expense, the entire crossing at the junction point between the two railroads. *Kansas City S. & G. R. Co.* v. *Louisiana. W. R. Co.*, 116 La. 178, 40 So. 627, 5 L. R. A. (N. S.) 512.

In this and other cases it has been held that, when the land of a railroad company is taken for a right-of-way of another company for a crossing, under the condemnation proceedings provided by law, the measure of damages to which the owner is entitled is the value of the land, and in addition thereto any additional expense created in the ordinary use of its road, and any other injury or damage to its track or right-of-way occasioned

by the crossing, and which may be properly considered as the natural, necessary and proximate cause thereof. *Toledo, A. A. & N. M. Ry. Co.* v. *Detroit L. & N. R. Co.* 62 Mich. 564, 29 N. W. 500; *K. C. Suburban Belt R. Co.* v. *K. C. St. L. & C. R. Co.* 118 Mo. 599, 24 S. W. 478; *Chicago & Alton R. Co.* v. *Joliet, L. & A. R. Co.*, 105 Ill. 388, 44 Am. Rep. 799; *Old Colony & Fall River R. Co.* v. *County of Plymouth*, 14 Gray (Mass.), 155; *Mass. Central R. Co.* v. *Boston, C. & F. R. Co.*, 121 Mass. 124; and *Lake Shore & Mich. So. Ry. Co.* v. *Cincinnati, S. & C. Ry. Co.*, 30 Ohio St. 604.

Under the principles of law decided in these cases, appellant was not entitled to claim as compensation the cost of maintaining a flagman at the crossing or the cost of stopping and starting trains   The statute requiring trains to stop at crossings is a police regulation, and so would be the cost of keeping a flagman there.   Both railroad companies were subject to police regulations, and compensation cannot be demanded for observance of statutes to promote the public good.   Neither a natural person nor a corporation can claim damages on account of being compelled to render obedience to a police regulation designed to secure the common good.

The reason for the application of this rule in cases like the one at bar is well stated in *Lake Shore & Mich. So. Ry. Co.* v. *Cincinnati, S. & C. Ry. Co.*, 30 Ohio St. 604.   In that case the court said: ''While the elder road can demand compensation for its property to the extent of the appropriation, it had no right to demand tribute from the junior road for the enjoyment of the same corporate franchises that it possesses.   Each owes its authority to operate its road to the same source, the State, and neither has the right to tax the other for the enjoyment of these mutual privileges.   It is true that the crossing imposes a new burden, but it is one to which it is subject by the nature of the case and the terms of its charter.

''Every railroad corporation line takes its right-of-way subject to the rights of the public to have constructed other highways across it, when necessary, in the same

manner as it is the subject of future taxation or to reasonable regulation in the mode of using its property."

To the same effect see 10 R. C. L. 150; 2 Lewis on Eminent Domain, 3d ed., § 729; and 3 Elliott on Railroads, 3d ed., § 1607 (1127).

The result of our views is that the court allowed appellant all proper elements of damages proved by it. It follows that the judgment will be affirmed.