The Honorable Edward F. Thicksten State Representative P.O. Box 2019 Alma, AR 72921-2019
Dear Representative Thicksten:
This is in response to your request for an opinion on the following questions:
 1. May a county government, or the entity contracted with by the county government, in the course of establishing a 911 system for that county, rename a roadway lying wholly on private property and used solely by the property owners or their immediate family?
 2. What legal liability could result under such a scenario? Who would bear the responsibility for correcting the situation?
 3. To whom would a private land owner appeal if the scenario outlined above were to occur?
It is my opinion that the answer to your first question is "yes" if the renaming of the roadway is reasonably necessary in administering the 911 system. This will require a factual determination outside the scope of an Attorney General opinion. As a general matter, however, I believe the assignment of 911 addresses likely falls within the county's authority to "[e]xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. §14-14-801(b)(13) (1987).[1] See generally A.C.A. §§ 12-10-301 et seq.
(Arkansas Public Safety Communications Act of 1985) regarding establishment and operation of 911 systems.
It should be noted in addressing these questions that although individual property rights are clearly protected by our constitution,[2] the Arkansas Supreme Court has also recognized that "the individual's use and enjoyment of property is always subject to reasonable regulations in order to preserve the welfare of the public at large." Yarbrough v. Ark.State Hwy. Comm'n, 260 Ark. 161, 164, 539 S.W.2d 419 (1976). Certainly, the state (or county in this instance) cannot, under the guise of the so-called "police power," impose unreasonable restrictions or destroy or injure property without just compensation and due process. See generallyBachman v. State, 235 Ark. 339, 359 S.W.2d 815 (1962). But is has also been held that one cannot recover damages from being compelled to obey police power regulations designed for the common good. Cairo v. Ark. ShortLine, 172 Ark. 317, 288 S.W. 715 (1926). See also generally Richardsonv. City of Little Rock Planning Comm'n, 295 Ark. 189, 747 S.W.2d 116
(1988).
Thus, in response to your second question, it is my opinion that no legal liability will result from the renaming of the private roadway unless it can be established that this is not reasonably necessary for effective administration of 911 services. Although fact questions may arise, I believe it is unlikely that there will be a "taking" or that the property will be damaged by virtue of the renaming such that compensation will be owing under Ark. Const. art. 2, § 22. See generally Shellnut v. Ark.State Game Fish Comm., 222 Ark. 25, 29, 258 S.W.2d 570 (1953) (regarding "serious interruption of the common and necessary use" of the property as a basis for requiring compensation under art. 2, § 22);Robinson v. City of Ashdown, 301 Ark. 226, 232, 783 S.W.2d 53 (1990) (requiring compensation when the government acts in a manner which "substantially diminishes" the land's value); Ark. State Hwy. Comm. v.McNeill, 238 Ark. 244, 245, 381 S.W.2d 425 (1964) (finding a compensable injury when there is a "special damage" to the property owner, as by a change in the grade of the street abutting his property or by a destruction of his access to a public street). See also Sewer Imp. Dist.No. 1 of Wynne v. Fiscus, 128 Ark. 250, 254, 193 S.W. 521 (1917) (requiring a "direct, substantial injury peculiar to [the property owner] and not suffered by the general public.")
With regard to your third question concerning avenues of appeal, a landowner who claims his property has been taken or damaged contrary to Ark. Const. art. 2, § 22, may either seek prospective injunctive relief in chancery court, to restrain the "taking" until damages are paid, or seek just compensation in county court for a completed taking. Seegenerally Chamberlain v. Newton County, 266 Ark. 516, 587 S.W.2d 4
(1979); Miller County v. Beasley, 203 Ark. 137, 156 S.W.2d 791 (1941).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] A private entity would, I believe, lack independent authority to exercise such powers. I assume, however, that the private contractor in this instance would be acting as an agent of the county for purposes of establishing and/or administering the 911 system. The private entity may well have the authority to rename the roadway under that scenario, but this should probably be addressed either by ordinance or under the contract. Questions may otherwise arise regarding the precise extent of the contractor's authority in this regard.
[2] Article 2, Section 22 of the Arkansas Constitution provides that "[t]he right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."