# McKleroy *v.* Gadsden Land & Improvement Co.

*Bill for an Injunction.*

1. *Appeals; when supported by final decree or certain interlocutory orders.*—The Supreme Court is without jurisdiction to entertain an appeal from orders of the lower court in a pending suit in chancery, unless such decree or order is either a final decree or is one of the certain interlocutory orders provided by statute, (Code, §§ 426, 427).

2. *Same; same; when decree not sufficient to sustain an appeal.* A simple contract creditor of a corporation and a small minority of the stockholders of said corporation jointly filed a bill, for the purpose of collecting the debts of the creditor complainant, for the appointment of a receiver of the corporate property and to have the corporation dissolved and wound up and a distribution of its assets among its stockholders after paying its debts. A decree was rendered on this bill adjudging that the complainants were entitled to the relief prayed, and ordering a filing of a list of the stockholders and list of debts, and that the register hold a reference, and ascertain and report a list of the stockholders and creditors and the cost and expense of suit and the cash value of the property of the corporation, and as to the most advantageous way of selling said property. Before this reference was held, a stockholder of said corporation who did not join in said suit, filed an original bill in said court against the parties to the first bill attacking the proceedings in that cause, for irregularity, collusion and fraud, and asking for an order restraining the proceedings therein until a further order of the court, and that upon the final hear-

[McKleroy v. Gadsden Land & Improvement Co.]

ing, for a revocation of all orders made in the first suit, and a dismissal of said bill. On the submission of the last case, after notice to the adverse party, on the motion for the restraining order prayed for, the chancellor granted said order and decreed that the appointment of the receiver be set aside, that the reference ordered be not held, and that the order of submission made in said case be set aside, and the cause restored to the docket for trial. *Held*: That the order of the court restraining the proceedings in the first case, towards winding up of the affairs of the corporation, was not such a decree as would, under the statute, (Code, §§ 426, 427), support an appeal.

2. *Bill to dissolve corporation; stockholders must be made parties defendant.*—Where a bill is filed by some of the stockholders of a corporation for the dissolution and winding up of the corporation and the distribution of the assets among its stockholders, after paying its debts, all of the stockholders must be made parties defendant; and the making of the corporation itself the only party defendant is not sufficient.

4. *Same; same; right of stockholders to file a bill for their protection.*—Where a small minority of the stockholders of a corporation file a bill seeking the dissolution of the corporation, and only makes the corporation itself a party thereto, any of the stockholders of said corporation who were not parties to said suit may maintain an original bill in equity for their protection against the parties to the first suit.

5. *Same; cannot be maintained by simple contract creditor.*—A simple contract creditor of a corporation, without a judgment or lien, can not maintain a bill, in equity which seeks the collection of his debt and the dissolution of the corporation.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. R. B. KELLY.

The bill in this case was filed by the appellant, W. H. McKleroy, and others, against the Gadsden Land and Improvement Company, as the sole party defendant, and had for its purpose the selling of the property of said Company, the dissolving of the corporation, winding up of its affairs, and the appointment of a receiver, upon the grounds as set forth in said bill. Subsequent to the filing of said bill, and while suit was pending in the chancery court another bill was filed by one Elliott, who was a stockholder

in said corporation. The facts relating to these two suits, so far as is necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion. The appeal is prosecuted from a decree rendered in the second suit. This decree was as follows: "Upon consideration, the court being convinced that the appointment of a receiver in the last named case was inadvertently made, and that said bill contains no equity, and that the decretal order of reference heretofore made in said cause was inadvertently made, it is therefore ordered and decreed that the register be and he is hereby directed not to hold said reference as directed in said decretal order of reference heretofore made in said cause, that said decretal order of reference be and the same is hereby set aside; that the order of submission of said cause (the case of McKleroy v. Gadsden Land and Improvement Company) made at said term be and the same is hereby set aside and said cause restored to the docket for trial. It is further ordered and decreed that unless said McKleroy et al. shall within thirty days after the enrollment of this decree so amend said bill, in the case of W. H. McKleroy v. the Gadsden Land and Improvement Company so as to give it equity, and to justify and authorize the appointment of receivers for said corporation, as therein prayed for, that then the appointment of receivers heretofore made in said cause shall stand annulled, on said Elliott or some one for him giving bond in the sum of one thousand dollars, payable to the register in chancery for the district composed of Etowah county, and conditioned to pay all such costs and damages as any person may sustain by reason of the setting aside of the order restraining said receivers from acting in case the same is set aside, said bond to be approved by the register. And, in case the McKleroy bill is amended, or sought to be amended, so as to give it equity, said Elliott may again apply for a restraining order as now prayed for, on five day's notice to the opposite parties, of said application and the time and place of hearing the same. All other questions are reserved."

[McKleroy v. Gadsden Land & Improvement Co.]

There was a motion made in this court to dismiss the appeal, upon the ground that the decree appealed from was not such as would sustain an appeal. The appellants in said cause also made made a motion in this court for a *mandamus,* directed to the chancellor rendering the decree, commanding him to set aside and vacate the decree and proceed to wind up the affairs of the corporation in accordance with the averments and prayer of the bill in the first cause.

WILLETT & BROTHERS, for appellant.—Where stockholders abandon the enterprise or neglect to elect officers to take charge of the property, a receiver will be appointed, the company's affairs wound up and the assets distributed at the instance of any stockholder. Gluck & Becker on Receivers of Corporations, (2d. ed.) p. 59; *Lawrence v. Greenwich Insurance Co.,* 1 Paige (New York) 587; 1. Morawetz on Corporations, (2d. ed.) § 284; 5th Thompson on Corporations, § 6878; 4th Thompson on Corporations §§ 4553 and 4547. Peril of the trust fund alone moves the court to displace the trustee from the exercise of his legal rights over the trust pending litigation.—*Satterfield's Executor v. John, pro. ami,* 53 Ala. 127; *Fort Payne Co. v. Fort Payne Co.,* 96 Ala. 477.

Directors cannot without the consent and authority of a majority of the stockholders sell all the assets of a solvent corporation, and strip it or disqualify it for accomplishing the purpose for which it was created. Thompson on Corporations, § 3983; *Railway Co. v. Allerton,* 18 Wallace 233, 235; *Elyton Land Co. v. Dowdell,* 113 Ala. 177 and 186; 2 Cook on Corporations, (new edition) § 670; *Abbott v. American Hard Rubber Co.,* 33 Barbour 578; *Kean v. Johnson,* 9 N. J. Equity 401; *Baker's Appeal,* 109 Pa. St. 461; *People v. Ballard,* 134 N. Y. 269; *Middlesex v. Boston R. R.,* 155 Mass. 347; 7th American & English Ency. of Law (2d. ed) pp. 734-35.

As the stockholders cannot sell all the assets and distribute them because they have abandoned the corporation and cannot be gotten together, and as the direc-

tors cannot do so, as shown above, and as there are no grounds for *quo warranto* proceedings, it is a corollary from these propositions that a Chancery Court *must* do so to prevent waste and destruction of the subject matter, which is a trust fund, and a trust is one of the original subjects of chancery jurisdiction, as it is emphatically a "matter of conscience."—Bisphams Equity (5th ed.) § 8; 1 Pomoroy Eq. Jur. § 278.

In our opinion the Chancellor plainly erred in holding that McKleroy as a creditor is improperly joined with others as stockholders when that question had never been raised by the Land Company. We are not sure that a creditor cannot file such a bill. We think a creditor can file a bill both in the capacity of stockholder and creditor. The only requirement the authorities seem to make is that he shall have an interest in the distribution of the assets, and not be a mere stranger to the proceedings. But conceding for the sake of argument the misjoinder of parties, it is very evident that Elliott cannot set this matter up in an original bill in the nature of a bill of review, for the defendant corporation alone can plead this and if it did not choose to do so, Elliott cannot do so for it.—*P. & M. Bank v. Dundas, et al.*, 10 Ala. 661; *Stallworth v. Blum*, 50 Ala. 46; *McDougald v. Dougherty*, 39 Ala. 409; *Smyth v. Fitzsimmons*, 97 Ala. 451-458; *Banks v. Long*, 79 Ala. 319; *Ashford v. Patton*, 70 Ala. 480; *McCall v. McCurdy*, 69 Ala. 65.

It would have been impossible to have made any progress with the cause if all the stockholders had been made parties. We have never seen any authority holding that the stockholders must be made parties defendant to a bill for a receiver where the corporation has officers who were elected by the stockholders, who fairly represent the other stockholders and who are acting for the company.—*Sanche v. Webb*, 97 Ala. 111; *Hersey v. Veazie*, 41 Amer. Dec. (note) 370; *Robinnson v. Smith*, 24 Amer. Dec. 217.

Is *mandamus* the proper remedy? It appears to us that *mandamus* is the only way to correct the rulings

of the Chancellor. This subject has recently been thoroughly gone over by this Court in *Ex parte Tower Manufacturing Company*, 103 Ala. 415, and *Wilson v. Duncan*, 114 Ala. 660, where it was held that *mandamus* was employed to correct the errors of inferior tribunals, and to prevent failure of justice or irreparable injury where there is a clear legal right and there is absence of any other adequate remedy. See also *Reynolds v. Crook*, 59 Ala. 570; *First National Bank v. Cheney*, 23 So. Rep. 733, 120 Ala. 117.

DENSON & TANNER, *contra*.—The action here sought to be reviewed is the judicial action of the Chancery Court of Etowah county in pronouncing its judgments in the Elliott case, and not the performance of a ministerial duty by an officer. *Mandamus* does not lie in such case.—2 Spelling Extra. Relief, §§ 1369 *et seq.*

While a court of chancery will not enjoin its own orders and decrees it will restrain their execution and, upon proper showing, annul them.—*Wright v. Phillips*, 56 Ala. 69, 78, 79.

Elliott's bill is an original bill and is the proper mode to assail the McKleroy bill.—*Curry v. Peebles*, 83 Ala. 225, 227; *Ala. Nat'l. Bk. v. Mary Lee Co.*, 108 Ala. 299; *Tal. Mer. Co. v. Jenifer*, 102 Ala. 259. If it is not an original bill, we then say it is an original bill in the nature of a bill of review, and can be filed without leave of the court.—*Dunklin v. Harvey*, 56 Ala. 177, 181; *Ex parte Smith*, 34 Ala. 455, 457; *Wright v. Phillips*, 56 Ala. 79.

Elliott not being a party to the McKleroy bill could not intervene in that case by petition.—*Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 311; *Ex Parte Printup*, 87 Ala. 148. There is no fact set forth in the McKleroy bill to authorize the appointment of a receiver, and to sell the property of the corporation and wind up its affairs. There is no fraud, maladministration, corruption, circumvention, deception or oppression charged in the McKleroy bill against the stockholders or of insolvency of the corporation.—*Wilburn &c. v. McCalley*, 63 Ala. 436, 443; *Zeigler v. S. & N. R. R.*, 58 Ala. 595, 598;

*Chandler v. Brown*, 77 Ill. 333, 337; *Chestnut v. Pen-
nell*, 92 Ill. 56, 63; *Kean v. Johnson*, 9 N. J. Eq. 401,
407 *et seq.; Cone v. Hamilton*, 102 Mass. 56, 58; *Wind-
sor v. McVeigh*, 93 U. S. 274, 284; *Lamar v. Gunter*, 39
Ala. 334, 324; 1 Greenleaf Ev. § 541.

TYSON, J.—The order or decree appealed from is
neither such an interlocutory decree nor a final decree
as will support an appeal.—Code, §§ 426, 427. With-
out a final decree or a special appeal from certain in-
terlocutory orders, this court is without jurisdiction
to entertain an appeal from orders of a lower court in
a pending suit. In the order attempted to be appealed
from, in this case, there is no adjudication that Mc-
Kleroy is a creditor or that his co-complainants are
stockholders, or of any matter of default on the part of
the corporation. The motion to dismiss the appeal
must be granted.

The application for a *mandamus* requires a more ex-
tended consideration.

A simple contract creditor, for a small amount, with-
out a judgment or lien, united with a small minority
of the stockholders of the Gadsden Land and Improve-
ment Company, a corporation under the laws of Ala-
bama, located at Gadsden, in a joint bill to collect the
debt of the creditor, to appoint a receiver of the prop-
erty, and to dissolve and wind up the corporation and
make a distribution of its assets among its stockhold-
ers after paying its debts, including the costs of the
winding up process. This suit was brought against the
corporation only; and the president of the defendant, it
seems without request, accepted service of the sum-
mons before it was placed in the hands of the sheriff
for service, and on the same day put in an answer ad-
mitting the allegations of the bill, saying nothing in
bar or preclusion of the decree sought. On the same
day, the cause was submitted in Chambers to the chan-
cellor for the appointment of a receiver. The order
prayed for was granted on the ground, as shown by its
recitals, that the averments of the bill had been ad-

mitted to be true by the defendant "by answer this day filed." The president of the corporation was one of the receivers thus appointed. Two months afterwards, the cause was submitted for final decree on the "original bill and report of the receivers," the respondent corporation submitting on its answer, thus furnishing the evidence for a decree. The chancellor rendered a decree in which he said, "it seems to the court that the complainants are entitled to the relief prayed," and thereupon, he ordered the stock certificates and a list of the debts to be filed in sixty days, and that the register ascertain and report a list of the stockholders and creditors, and the costs and expense of the suit, including a reasonable attorney's fee and fees to the receivers, and the cash value of the property and a statement of liens thereon, and the most advantageous way of selling the property and whether it would be better to sell all the property, real and personal, *in solido* or in parcels. All other questions were reserved. Before the reference was held or the property sold, one Elliott, a stockholder who had not joined in the suit mentioned, filed his original bill in the same court against the parties to the first bill, attacking the proceedings in that cause for irregularity, collusion and fraud, and asking an order restraining the proceedings therein until the further order of the court, and on final hearing for a revocation of all orders therein and a dismissal of said bill and for general relief.

This last case was submitted to the chancellor on notice to the adverse parties, for the restraining order prayed for. The solicitor of complainants in the first suit, it seems, appeared as *amicus curiae* and resisted the application by filing affidavits, by consent, of a number of the defendants in opposition to the granting of the order. In the days of strict pleading at the common law, this "venit" might perhaps be termed only "half defense."—1 Chitty on Plead. pp. 443-4, bottom pp. 553-4. But in this court, where the substance of things only is regarded, we must take it as a full appearance by the defendants, if it were material. The chancellor granted the order; and this court is now

asked for a *mandamus,* on the record of both cases, to compel the chancery court to vacate the decree and to proceed to wind up the affairs of the corporation under the bill in the first cause.

We are of the opinion that the action of the chancellor in calling a halt in the proceedings to wind up the affairs of the corporation in the absence of the persons adversely interested therein was eminently proper. The relation of the stockholders of a corporation to the corporate body is, in many respects, the same as that of *cestuis que trust* and trustee. The corporation holds the legal title to the property and through its directors has the absolute right of disposition and management in *bona fide* proceedings for the purposes for which the corporation was formed, but, subject to this, the stockholders have a joint equitable interest in the property and effects, and have a right at any time to have protection in the courts from abuse of corporate power. *First Nat. Bank v. Winchester,* 119 Ala. 168; *Swift v. Swift,* 65 Md. 428; *Robinson v. Smith,* 3 Paige, 222; *Fougeray v. Cord,* 50 N. J. Eq. 185; Thompson on Corp. §§ 4545, 5096; 1 Morawetz on Corp., §§ 515, 516. In the proper business of the association, the corporate body only can be dealt with, and it is the only necessary party plaintiff or defendant to represent corporate interests. When, however, it comes to a destruction of the association and a distribution of its assets, the *cestuis que trust,* the stockholders, must be parties to the litigation. The corporation, in such case, has no authority to represent them singly or as a whole. The necessary effect of every such suit is to disturb and disrupt the relation of the corporation and the stockholders, and as in similar suits in reference to trust property, the *cestuis que trust* are necessary parties.—*Carey v. Brown,* 92 U. S. 171-2; *Kerrison v. Stewart,* 93 U. S. 155; 15 Ency. Pl. & Pr. 584, 593.

Assuming that the court had jurisdiction to decree a dissolution of the corporation on the joint bill of a simple contract creditor, and a minority of the stockholders, a question which we do not decide, it is evi-

dent that the court was right in refusing to proceed without the presence of the stockholders at large as parties.—3 Brick. Dig. 373, § 98. And such parties, whose rights would be seriously affected by the proceedings in the first suit, had the right to file an original bill for their protection.—*Curry v. Peebles*, 83 Ala. 225; *Ala. Nat. Bank v. Mary Lee Co.*, 108 Ala. 299; *Tal. Mer. Co. v. Jenifer*, 102 Ala. 259.

It is held in *Merchants & Planters Line v. Waganer*, 71 Ala. 581, that a private corporation entered into solely for benefit of the shareholders, and involving no public duty, may be dissolved by the stockholders, and, on the same principle, when the purpose of such an association is a failure, we quite agree with Mr. Thompson that there should be in the chancery court an inherent power to administer the property so as to restore to the *cestuis que trust*, the stockholders, their ultimate interest.—4 Thomp. on Corp. § 4545; *Fougeray v. Cord, supra; Price v. Holcomb*, 56 N. W. Rep. 407. But however this may be, it is clear that the court has no jurisdiction of such a cause at the suit of a simple contract creditor whose remedy for the collection of his debt, being plain, adequate and complete at law, involves no such right or obligation as was so vicariously undertaken by the creditor in this case. And if the case of a creditor is eliminated as a useless factor of the combination, it would be anomalous to permit a minority of the stockholders to combine, and, without notice to the other stockholders, to obtain through the consent merely of the president of the corporation, a decree destroying the association and subjecting the property to "the diminishing process" of administration and sale under the management of a receivership, though such receiver be the president. The corporate duties assumed by the president do not comprehend any representation of the shareholders whatever in such a proceedings. Whether or not the first bill was concocted to consummate a fraud, as charged in the second bill, it is very certain that a decree of the character, and obtained in the manner of the one complained of in this case, would generally operate as a

surprise and open a wide door for fraud. It must appear to be quite certain that consenting parties have the right to represent, and that they do represent in good faith the persons whom it is purposed to bind by the decree to which they assent. Such was not the case here. The president of the corporation as such was in no sense authorized to represent the absent stockholders whose rights it is purposed to bind by a dissolution of the corporation and the sale of its property. The chancellor has acted in the premises and, so far as we are advised, has acted properly. The writ must therefore be denied.