# Decatur Land Co., *et al. v.* Robinson.

## *Bill to Dissolve Corporation.*

(Decided November 13, 1913.   63 South. 522.)

1. *Corporations; Dissolution; Minority Stockholders.*—When a private business corporation has failed of its purposes and objects, a single stockholder may maintain a bill for its dissolution and the distribution of its assets among those entitled thereto, whether the corporation be solvent or insolvent.

2. *Same; Distribution of Assets.*—Where it appears that the business of a private corporation cannot be profitably continued, minority stockholders may sue to have the assets of the corporation distributed under orders of the court.

3. *Same; Condition Precedent.*—In order for minority stockholders to maintain a bill to administer the affairs of a corporation on the ground that it cannot profitably continue business, it is not a condition precedent that they demand of the board of directors a redress of grievances.

4. *Same; Parties.*—While a bill by a minority stockholder to administer the affairs of the corporation and dissolve it should make all of the stockholders parties, yet when a bill makes many of the larger stockholders parties whose interests are identical with those of the other stockholders, and alleges that other stockholders were numerous, and that it would be practically impossible to bring the case to a final hearing if all had to be made parties, the complainant was relieved from making all parties by rule 19, Chancery Court Practice, where a sufficient number are before the court to represent their interests.

[Decatur Land Co., et al. v. Robinson.]

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Walter V. Robinson, a minority stockholder, against the Decatur Land Company and numerous majority stockholders to administer the affairs of the corporation, to dissolve same and distribute its assets. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

EYSTER & EYSTER, for appellant. If complainant participated in the transactions urged as ground for dissolution, he cannot obtain relief.—49 N. E. 563. Complainant cannot set up his judgment against that of the managing board of the corporation without seeking the co-operation of the stockholders.—*Sullivan v. Central L. Co.,* 173 Ala. 133; 23 Atl. Rep. 485. His only remedy is to sell his stock and get out.—*Noble v. Gadsden L. Co.,* 133 Ala. 250; *Sullivan v. Central I. Co.,* *supra;* 115 N. W. 1032. Whether or not the Board of Directors would have authority to dissolve the corporation (*Elyton L. Co. v. Dowdell,* 113 Ala. 183; *Minona P. C. Co. v. Reese,* 167 Ala. 485), the bill does not contain equity since the corporation is shown to be solvent, as it fails to make all the stockholders partners.—*Ross v. Amer. B. Co.,* 150 Ala. 268; *McKleroy v. Gadsden L. Co.,* 126 Ala. 184.

COOPER & COOPER, for appellee. The bill contains equity, and the necessary parties respondent.—*Noble v. Gadsden L. & I. Co.,* 133 Ala. 250; *Planters Line v. Wagner,* 71 Ala. 581; *Ross v. Amer. B. Co.,* 150 Ala. 270; *Sullivan v. Central L. Co.,* 152 Ala. 365; s. c. 173 Ala. 426. A sufficient number of stockholders were made parties respondent to bring this case within rule 19, Ch. Pr.—*Sanche v. Webb,* 97 Ala. 111.

ANDERSON, J.—The bill in this case was not filed under section 3512 of the Code of 1907 to dissolve an insolvent corporation, or one which has suspended operations for the lack of ordinary funds, but is filed under the common law to administer the affairs of and to dissolve a corporation which has failed of the purpose for which it was organized, or which cannot continue a profitable business for the reason that it is but a question of time when the annual charges and expense will absorb the entire assets of the company, and that there is no reasonable probability of an increase of the assets or of the income in excess of the current expenses.

There can be no doubt of the proposition that, when a private business corporation has failed of the purposes and objects of its creation, a single stockholder may maintain a bill in equity for the dissolution of the corporation and the distribution of its assets among those entitled thereto, and this may be done whether the corporation be solvent or insolvent.—*Ross v. American Co.,* 150 Ala. 268, 43 South. 817; *Minona Co. v. Reese,* 167 Ala. 485, 52 South. 523. The bill in this case avers that the corporation in question has failed of its purpose, but it may be questionable whether or not the facts as detailed show such an utter failure as would of itself warrant a dissolution, as we do not wish to be understood as holding that simply because it was not exercising all of its rights and charter powers, but was successfully going on in some of them, it would be in such default as to render it subject to dissolution. If chartered as a land company and it had other rights and powers granted by the charter but was successfully operating as a land company only, it could not well be said that it had failed of the entire purpose for which it was organized, notwithstanding it may not have utilized or exercised its other functions or powers. The bill, however, goes fur-

ther and charges that a further operation of the corporation as a land company, the only business in which it has been or expects to be engaged, will not only prove disastrous to the stockholders but will entirely absorb and destroy all of the assets.

"Unless it appears beyond question that the continuation of a profitable business cannot be had, the dissolution of a corporation not yet insolvent will not be decreed upon petition of a minority of its shareholders. If, however, it is clear that the business cannot be profitably continued, the petition of a minority for a dissolution will be granted."—Beach on Corporations, § 783.

While the authorities are not in accord as to the right of the courts to dissolve, in such a case, they are practically unanimous as to the rights of the minority stockholders to maintain a bill to have the assets of the corporation distributed, which may be done under the orders of the court through the agents of the corporation, when it appears that the continuation of a profitable business may not be had. In the case of *Noble v. Gadsden Co.*, 133 Ala. 250, 31 South. 856, 91 Am. St. Rep. 27, this court held, under the facts averred, that the complainant was entitled to an administration and the distribution of the assets, but declined to hold that the corporation could or should be dissolved, deeming it unnecessary to decide said question as the interest of the stockholders could be fully subserved by the court's administration of the trust estate. The writer of the opinion in said case, however, expressed views indorsing the quotation from Mr. Beach to the effect that in such a case the court could not only administer and distribute the assets but could dissolve the corporation as well. If the corporation cannot successfully operate in the future, and the court takes charge of it and distributes the

assets among the stockholders, there is no necessity for the survival of the company, and the court not only has the power to do so but should dissolve the corporation.

It was not necessary for the complainant to first demand of the board of directors a redress of the grievance, as they cannot do so; the corporation not being insolvent. They are merely the managing agents of the business of the company, to promote the ends designed by the charter, and do not possess such power or authority.—*Elyton Land Co. v. Dowdell,* 113 Ala. 186, 20 South. 981, 59 Am. St. Rep. 105. The bill is not to redress the wrongs of the directors or officers but to administer and dissolve a corporation that cannot profitably continue business. In such case there is no need to apply to the directors for redress.—*Minona Co. v. Reese,* 167 Ala. 485, 52 South. 523.

There can be no doubt of the proposition that in such a case as the present one all of the stockholders must be made parties, unless the complainant sets out a state of facts to relieve himself from doing so by rule 19 of the chancery court.—*Ross v. American Banana Co., supra.* The bill as last amended makes many of the larger stockholders parties, and whose interests are identical with that of the other stockholders, and charges that said other stockholders are numerous and scattered throughout many states, and that it would practically be impossible to bring the case to a final hearing if complainant is to make all the stockholders parties, and we think that he brings himself within the influence of said rule 19.—*Noble v. Gadsden Co., supra.*

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.