(127 So. 195)

### GETTINGER et al. v. HEANEY.
### I Div. 571.

Supreme Court of Alabama.

March 20, 1930.

Outlaw & Kilborn and Smith & Johnston, all of Mobile, for appellants.

Gray & Pou, of Mobile, for Ransom Satsuma Co.

Harry T. Smith & Caffey, of Mobile, for appellee.

BROWN, J.

This appeal is from the final decree granting relief to the complainant, on the bill as amended, filed by him as a minority stockholder in the Ransom Satsuma Company, Inc., a domestic corporation, engaged in the business of operating an orange and pecan orchard.

The relief sought and granted by the decree was the annulment of certain resolutions of the board of directors, constituted of the defendants, one of whom was the majority stockholder in the corporation, providing for the payment of salaries to the defendants, on the ground that said resolutions were the result of a covinous conspiracy to deplete the treasury of the corporation so as to avoid the payment of dividends, compelling the defendants to account for the monies so

wrongfully appropriated by them, and to this end a reference was ordered.

The decree removed the board of directors from office, appointed a receiver to take possession of the property and assets of the corporation, conduct its affairs, and "otherwise administer the trust resulting from the inability of this corporation to function through its board of directors, until the affairs of the corporation are liquidated, or until the further order of the court."

■ It is well settled that a court of equity has jurisdiction at the suit of a stockholder to correct abuses of the corporation management by the board of directors, whether by way of unauthorized or fraudulent allowance of salaries for themselves and those of their confederates, either as directors or officers of the corporation, or by way of appropriating the assets to their own private uses. Decatur Land Co. v. Palm, 113 Ala. 537, 21 So. 315, 59 Am. St. Rep. 140; Glass v. Stamps, 213 Ala. 95, 104 So. 237.

In Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452, 454, the general rule was stated to be "that corporate offices * * * are usually filled by the chief promoters of the corporation, whose interest in the stock or in other incidental advantages is supposed to be a motive for the execution of the duties of his office without compensation, and that this presumption prevails until overcome by an express prearrangement of salary." This holding is supported by the cases cited, Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118, 88 Am. Dec. 497; 14A C. J. p. 136, § 1906.

This principle was in effect reaffirmed in Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516, 520, where it was held that "the right of an officer [of the corporation] to receive a salary is a matter of contract," and that a director of the corporation, under the law governing the fiduciary relations, of principal and agent, cannot participate in or form a quorum of the board to enter into such contract. The rationale of the rule is that corporate officers "have ample opportunity to adjust and fix their compensation before they render their services, and no great mischief is likely to result from compelling them to do so, but, if, on the other hand, actions are to be maintained by corporate officers for services which, however faithful and valuable, were not rendered on the foot of an express contract, there would be no limitation to corporate liabilities, and stockholders would be devoured by officers." 7 R. C. L. 464, § 446; Kilpatrick v. Penrose Ferry Bridge Co., 49 Pa. 118, 88 Am. Dec. 497.

■ While the presumption of service without compensation does not obtain as to a superintendent or general manager who devotes all or practically all of his time to the business affairs of the corporation, yet his right to receive a salary must rest upon contract, express or implied. Navco Hardwood Co. v. Bass, supra.

"The rule to be deduced from the modern and best considered cases seems to be that a person, although a director or other officer of a corporation, may recover the reasonable value of necessary services rendered to a corporation, entirely outside of the line and scope of his duties as such director or officer, performed at the instance of its officers, whose powers are of a general character, upon an implied promise to pay for such services, when they were rendered under such circumstances as to raise a fair presumption that the parties intended and understood they were to be paid for," etc., 7 R. C. L. 464, § 446; Fitzgerald, etc., Const. Co. v. Fitzgerald, 137 U. S. 98, 11 S. Ct. 36, 34 L. Ed. 608; Corinne Mill, Canal, etc., Co. v. Toponce, 152 U. S. 405, 14 S. Ct. 632, 38 L. Ed. 493.

■ It is conceded by the appellants that there was no valid express contract authorizing the payment of salaries to the president, vice president, and secretary of the corporation, and on the principles stated, the payment of salaries to them as such was a misappropriation and misuse of the corporate funds.

■ And after careful consideration of the evidence, we are not of opinion that Fred G. Gettinger was entitled to a salary as general manager as upon implied contract.

It clearly appears that the duties of such office were, from the beginning, performed without the expectation of compensation therefor, and the services which he rendered were not of a character to warrant the inference that his services were performed under an implied contract.

It further appears without dispute that the first action of the board, constituted of Engs, Gettinger, and Mrs. Gettinger acting through her proxy, was superinduced by the design of Gettinger to "freeze out" the complainant as a minority stockholder, and the subsequent action of the board after the filing of the bill, and the transfer of one share of stock by each of them to Davison and Kraft, were in the furtherance of this purpose; that the transfer of said stock to Davison and Kraft was not in *good faith*—was but a means to the end of carrying out such fraudulent design—its purpose being to give legal color to the action of the board as a cover for such design; and this subsequent resolution of the board rests upon no better foundation than the first.

■ We therefore concur in the conclusion of the learned trial court that said resolutions should be annulled.

■ In respect to the distribution to the stockholders of the $11,000, as dividends, while the distribution of these dividends was

irregular and not authorized by a resolution of the board of directors, the distribution was equitable, and was concurred in and in effect ratified by all the stockholders by their acceptance, without objection, and should be ratified in toto.

The subsequent contribution by the stockholders, made at the request of Mr. Gettinger as general manager, for the purpose of aiding the corporation to carry on, was but a loan to the corporation and should be treated as such, and, with accrued interest, credited upon the liability of Engs, Gettinger, and Mrs. Gettinger, arising from their misappropriation of the funds of the corporation as salaries, when ascertained. Holcomb et al. v. Forsyth, supra.

The services rendered by Gettinger in selling the crops, and his general supervision of the orchard after the services of the superintendent, Weaver, were dispensed with, the evidence shows, were services outside of the scope of his general duties as an officer of the corporation, and compensation therefor, on the quantum meruit, was, on principles above stated, just and equitable and was properly allowed.

It is too well settled to permit of doubt that a minority stockholder is entitled to the appointment of a receiver, where the corporation has failed of its purpose, or where the facts disclose a scheme on the part of the directors or a majority stockholder to wreck the corporation and dissipate its assets, and the board of directors being, as to the stockholders, trustees of the corporate property and affairs, may be deprived of their power, "when, by fraud, conspiracy, or covinous conduct, or extreme mismanagement, the rights of minority stockholders are put in imminent peril and the underlying, original, corporate entente cordiale is unfairly destroyed." 6 Thompson on Corporations (3d Ed.) 528, § 4628; Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860; Id. (second appeal) 209 Ala. 367, 96 So. 698; Cantwell et al. v. Columbia Lead Co. et al., 199 Mo. 1, 97 S. W. 167.

But this measure of relief should not be granted "if any other remedy would afford adequate protection to the applicant." Hayes v. Jasper Land Co. et al., 147 Ala. 340, 41 So. 909; Thompson v. Tower Mfg. Co., 87 Ala. 733, 60 So. 928.

Where the relief takes the form of enjoining the directors from further exercise of the duties of their office, or they are removed therefrom, of necessity a receiver will be appointed. "But since courts of equity have in general no jurisdiction to decree the dissolution of a corporation, and as the removal of the directors and the appointment of a receiver would amount to a dissolution" (6 Thompson on Corporations, 529, § 4629), it

should be clearly made to appear that the purpose and design of the directors or majority stockholders are to wreck the corporation and dissipate its assets, or that the "entente cordiale" has necessarily been destroyed, and there is no other adequate remedy for the abuses complained of.

One of the appellants' contentions is that the bill should have been brought in behalf of all the stockholders who may desire to join therein, and that a failure to so bring it is an objection to the relief sought, which need not be raised by demurrer, but will be noticed by the court of its own motion. This contention is based upon the utterances of this court in the case of Kirby v. Fort Payne Co. et al., 215 Ala. 32, 109 So. 153.

It may be conceded that the utterances in the cited case, upon which appellants rely, were not necessary to a decision of that case and are dictum; but this does answer the contention.

It is well settled, to quote from Pomeroy's Equity Jurisprudence, that "Wherever a cause of action exists primarily in behalf of the corporation against directors, officers, and others, for wrongful dealing with corporate property, or wrongful exercise of corporate franchises, so that the remedy should regularly be obtained through a suit by and in the name of the corporation and the corporation *either actually or virtually refuses* to institute or prosecute such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder or stockholders, *either individually* or suing on behalf of themselves and all others similarly situated, against the wrong-doing directors, officers, and other persons, but it is absolutely indispensable that the corporation itself should be joined as a party—usually as a co-defendant. The rationale of this rule should not be misapprehended. The stockholder does not bring such a suit because *his* rights have been *directly* violated, or because the cause of action is *his*, or because *he* is entitled to the relief sought; he is permitted to sue in this manner *simply in order to set in motion the judicial machinery of the court.* The stockholder, *either individually* or as the representative of the class, may commence the suit, and may prosecute it to judgment; but in every other respect the action is the ordinary one brought by the corporation, it is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder-plaintiff. The corporation is, therefore, an indispensably *necessary* party, not simply on the general principles of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree." 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1095, pp.

618

2524, 2525; Holcomb et al. v. Forsyth, 216 Ala. 486, 113 So. 516; Blount County Bank et al. v. Harvey, 215 Ala. 566, 112 So. 139; Alabama Fidelity Mortg. & Bond Co. v. Dubberly et al., 198 Ala. 545, 73 So. 911; Tillis et al. v. Brown et al., 154 Ala. 403, 45 So. 589.

Where, however, the purpose of the proceedings is to terminate the trust, dissolve the corporation, and distribute its assets among the stockholders, and it is made to appear that the parties interested are so numerous and cannot, without manifest inconvenience and oppressive delay in the suit, be all brought before the court, the court may entertain a bill filed by a minority stockholder for himself and such as may desire to join therein. Rule Ch. Pr. 19; Decatur Land Co. v. Robinson, 184 Ala. 322, 63 So. 522; Noble et al. v. Gadsden Land & Improvement Co. et al., 133 Ala. 250, 31 So. 856, 91 Am. St. Rep. 27; Alabama Fidelity Mortg. & Bond Co. v. Dubberly et al., supra.

█ But in the absence of showing such inconvenience and necessary delay, all of the stockholders must be made parties, either as complainants or defendants, and the court on the submission of final decree will ex mero motu take notice of the absence of such necessary parties. Leggett et al. v. J. W. Leggett Jewelry Co. et al. (Ala. Sup.) 125 So. 644;[1] Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2; Garner et al. v. Empire Land Co. et al., 217 Ala. 528, 117 So. 64; Russell et al. v. Bell, 160 Ala. 480, 49 So. 314; Alabama Fidelity Mortg. & Bond Co. v. Dubberly et al., 198 Ala. 545, 73 So. 911; McKleroy v. Gadsden Land & Improvement Co., 126 Ala. 184, 28 So. 660.

It appears without dispute that two of the stockholders, Elizabeth Engs, the holder of twenty shares, and Ransom Gettinger, a minor, holding ten shares, were not made parties.

█ The decree of the court, as we have shown, in legal effect dissolves the corporation and provides for the administration of the trust, foreshadowing a sale and distribution of the corporate assets among the stockholders, and in the absence of necessary parties was erroneous and must be reversed.

We deem what we have said a sufficient guide to further disposition of the controversy.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

