155 So. 538

## FISHER et al. v. BANKERS' FIRE & MARINE INS. CO.

### 6 Div. 544.

Supreme Court of Alabama.
June 7, 1934.

Rehearing Denied June 28, 1934.

A. Leo Oberdorfer and Abe Berkowitz, both of Birmingham, for appellants.

176

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, Thos. E. Knight, Jr., Atty. Gen., and Frontis H. Moore, Asst. Atty. Gen., for appellee.

BROWN, Justice (after stating the facts).

While courts of equity, recognizing the principle that a majority of the stockholders have the right of control, will not, as a general rule, interfere to settle mere quarrels and differences of opinion among stockholders as to the management of the corporate affairs, yet, though the corporation is solvent, where the action of the majority amounts to a wanton or fraudulent destruction of the rights of the minority, the minority may invoke the aid of a court of equity to protect their interest in the trust, and restrain the offending trustee in possession from a wanton dissipation and waste of the corporate property. Fort Payne Furnace Co. v. Fort Payne Coal & Iron Co., 96 Ala. 472, 11 So. 439, 38 Am. St. Rep. 109; Gettinger v. Heaney, 220 Ala. 613, 127 So. 195; Decatur Mineral Land Co. .v. Palm, 113 Ala. 531, 537, 21 So. 315, 59 Am. St. Rep. 140; Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516; Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860; Id., 209 Ala. 367, 96 So. 698; Bowen v. Bowen-Romer Flour Mills Corp. et al., 114 Kan. 95, 217 P. 301, 43 A. L. R. 238, and 'note pages 263–272; 61 A. L. R. note pages 1213–1222; 23 R. C. L. page 22, § 15.

The bill in this case is not filed under article 12, chapter 274, of the Code, §§ 7063–7070, but, as observed in Decatur Land Co. v. Robinson, 184 Ala. 322, 324, 63 So. 522, 523, "is filed under the common law to administer the affairs of and to dissolve a corporation which has failed of the purpose for which it was organized, or which cannot continue a profitable business for the reason that it is. but a question of time when the annual charges and expense will absorb the entire assets of the company, and that there is no reasonable probability of an increase of the assets or of the income in excess of the current expenses," and, whatever may be the rule elsewhere, it is the settled rule of our decisions, that in such case a court of equity which exercises jurisdiction over a trust estate, will intervene at the instance of minority stockholders, dissolve the corporation, and distribute its assets to those entitled thereto. Decatur Land Co. v. Robinson, supra; Burg v. Smith, 222 Ala. 600, 133 So. 687; Henry et al. v. Ide et al., supra; Central Land Co. v. Sullivan, 152 Ala. 360, 44 So. 644, 15 Ann. Cas. 420; Beach on Corporations, § 783.

Appellee concedes the soundness of these principles as applied to ordinary business corporations not affected with a public interest, but contends that they are not now applicable to domestic corporations organized under the laws of this state to engage in the business of insuring property against loss by fire or cyclone; that, as to such corporations, the state, in the exercise of its powers of visitation, inspection, and control, has, by the provisions of section 8344 of the Code of 1923, and related statutes, conferred on the state superintendent of insurance, the exclusive right to invoke the interposition of a court of equity in respect to the affairs of such corporations. That section of the Code provides that "If upon examination, the insurance commissioner is of opinion that any domestic insurance company *is insolvent, or has exceeded its powers, or has failed to comply with any provision of the law, or that its condition is such as to render its further proceedings hazardous to the public, or to its policy holders*, he shall apply to a court of competent jurisdiction through the attorney-general of the state, to issue an injunction restraining it, in whole or in part, from further proceeding with its business, such court may, in its discretion, issue the injunction forthwith, or upon notice and hearing thereof, and after a full hearing of the matter, may dissolve or modify such injunction, or make it perpetual, and may make all orders and decrees needful in the premises, and may appoint agents or receivers to take possession of the property and effects of the company, and to settle its affairs subject to such rules and orders as the court may, from time to time, prescribe, *according to the course or proceedings in equity*." (Italics supplied.) Code 1923, § 8344.

It will be noted there is no express provision in this statute relative to the right or interest of stockholders, or that inhibits a stockholder from pursuing legal or equitable remedies to protect his private rights. The statute deals with the public interest, including the interest of policyholders, and as a general rule "to entitle the State to interfere to prevent ultra vires corporate acts, it seems that some injury to the public must be involved." Trust Co. of Georgia v. State, 109 Ga. 736, 35 S. E. 323, 48 L. R. A. 520; 7 R. C. L. page 612, § 608.

■ If it had been the legislative intent to confer upon the superintendent of insurance, the exclusive right to invoke equitable inter-

vention to dissolve insurance stock corporations that have failed of their purposes, we apprehend that it would have so expressly declared, as it did do in respect to "fraternal benefit societies" by section 25 of the act "For the Regulation and Control of Fraternal Benefit Societies," approved April 24, 1911 (Acts 1911, p. 700), now section 8498 of the Code.

We are not willing to extend the scope of section 8344 by construction, as has been done of similar statutes by some of the courts, notably Kentucky in Breckinridge v. Kentucky Central Life & Accident Ins. Co. et al., 206 Ky. 244, 267 S. W. 178. The case of Grimes v. Central Life Insurance Company, 172 Ky. 18, 188 S. W. 901, did not go to that extent.

■ While section 9485, new to the Code of 1923, providing for "intervention" by petition, is incorporated in chapter 330, article 11, dealing with pleading and practice in common-law actions, it has been incidentally treated as applicable to proceedings in equity as well as in actions at law, but declared to be merely "cumulative." Ex parte Ide (Ide v. Johnson) (Ala. Sup.) 153 So. 887; [1] Greene v. Greene, 220 Ala. 395, 125 So. 640; Ex parte Wilkinson, 220 Ala. 529, 126 So. 102; Cortner v. Galyon, 223 Ala. 405, 137 So. 30; United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores, 225 Ala. 307, 143 So. 176; Royal Indemnity Co. v. Young & Vann Supply Co. et al., 225 Ala. 591, 144 So. 532; Awbrey v. Estes, 216 Ala. 66, 112 So. 529. This statute is purely procedural in character, and does not create a cause of action or give a right of intervention where the party seeking to intervene otherwise has no cause of action.

■ The averment of the bill that "complainants do not know the names of other stockholders and have not been able, after due diligence, to ascertain their names and the amount of their holdings," is not sufficient, on demurrer, to relieve the complainants from making other stockholders, and especially the offending officers and agents, parties defendant. What makes them necessary parties is the fact that they are stockholders, or are participating in the dissipation and destruction of the corporation's assets, and the extent of their holdings is not important. Gettinger v. Heaney, 220 Ala. 613, 127 So. 195; Burg v. Smith, 222 Ala. 600, 133 So. 687; Grand Lodge, K. P. v. Shorter, 219 Ala. 293, 122 So. 36.

The judgment here is that the circuit court erred in allowing the intervention and in sustaining the demurrers of the intervener; that the court did not err in sustaining the demurrers of the original defendant on the ground of nonjoinder of parties, but error was committed in dismissing the bill. For the errors noted, the decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.