162 So. 97

**VAN ANTWERP REALTY CORPORATION et al. v. COOKE.**

**I Div. 847.**

Supreme Court of Alabama.

June 13, 1935.

536

B. F. McMillan, Jr., and Mahorner & Mahorner, all of Mobile, for appellants.

Inge, Stallworth & Inge, of Mobile, for appellee.

FOSTER, Justice.

This is a minority stockholders' bill, and alleges an array of misdeeds by the management, which the directors and stockholders have been called on to correct, and which they refuse to do, but rather approve such conduct. Complainant is not an officer, but alleges that she owns 679 shares of the par value of $100 each. The bill alleges that she and respondents own all the stock as follows:

| Complainant | 679 shares |
|---|---|
| Gabriella Bates | 10 " |
| Cecil Bates | 5 " |
| Emily Seibt | 10 " |
| Gabriella Van Antwerp | 714 " |
| James C. Van Antwerp | 714 " |
| Dan Van Antwerp | 724 " |
| Edith Covey | 357 " |
| Paul T. Van Antwerp | 357 " |
| John F. Aldridge | 1 " |
| Sallie Van Antwerp Aldridge | 713 " |
| Garet Van Antwerp | 714 " |
| They all inherited from Mrs. Catherine Van Antwerp | 2 " |
| Total number of shares | 5000 |
| Par value | $500,000. |

Its name is Van Antwerp Realty Corporation, Inc., organized under the laws of Alabama, and owns many pieces of very valuable real estate in Mobile. Its chief income consists of rents received from that property.

The bill alleges that the directors are Gabriella Van Antwerp, James C. Van Antwerp, Dan Van Antwerp, John F. Aldridge, and Garet Van Antwerp. All are brothers and sisters, except that Mr. Aldridge is a brother-in-law, the husband of Sallie Van Antwerp Aldridge; and that complainant is another sister; that the other stockholders are children of brothers or sisters; that the stock was all given them by Mrs. Catherine Van Antwerp, the mother and grandmother, respectively, of the stockholders or their wives, except two shares which she retained, and which they inherited from her at her death; that it was founded by the late Dr. Garet Van Antwerp, their father or grandfather. That she is the only living child of these parents who is not a director of the corporation.

The bill then sets forth in several paragraphs a catalogue of items of mismanagement due in part to negligence, and in part to an intent to donate large sums to various persons, some for rent as tenants, and some by way of loans to the stockholders, or their family connections. It alleges that many solvent tenants have accumulated large debts for rent, aggregating approximately $20,000, by reason of the negligence of the officers in not collecting them. The names and amounts of each are given, with a statement of their solvency and ability to pay the rent. That no serious effort has been made to collect the amounts from them. That there has been charged off on the books debts for rent aggregating $46,195.01, or more, due to the negligence of the management. That they permitted Dr. Garet Van Antwerp to withdraw $78,741.64 with no means except his stock in the corporation, worth less than the amount so withdrawn; and they continue to pay him large sums monthly as dividends on his stock. Likewise, they have advanced $18,000 to one, $22,000 to one, and $38,000 to another, all as loans, which is ultra vires the corporation, with no effort to collect them, and that large sums are paid them monthly as dividends declared on their stock, in equal proportionate amount with the other stock-holders. That the total sum withdrawn in that form exceeds $100,000.

It then alleges the organization of a corporation called the Best Dairies, Inc., with funds of the defendant corporation, that its operation has been at a steady loss, and that the directors of said Van Antwerp Realty Corporation are supplying themselves with dairy products for which they pay nothing; all aggregating a large sum and without a proportionate allowance to complainant.

The bill shows that complainant has unsuccessfully sought to have corrected the said items of mismanagement through the directors and stockholders, but that they took no action in that respect.

The prayer is (1) for a receiver of the corporation to operate the business until it should be dissolved, in the judgment of the court; and then (2) dissolve it and distribute its assets; and (3) that the officers be enjoined from allowing or permitting the stockholders from withdrawing further funds or dividends or any distribution of assets until their indebtedness has been paid; and (4) that the officers be held to account to the corporation for the sums lost to it by reason of the negligence or their ultra vires acts, and for personal judgments against them for such amount; and (5) for general relief.

▮ The bill does not set out a copy of the certificate of incorporation with its charter powers, nor are they otherwise stated in the bill.

The allegation that certain acts are ultra vires is therefore the statement of a conclusion, and not a proper pleading of facts.

▮ It is well understood that a receiver will not be appointed of a corporation at the suit of a minority stockholder when the corporation is solvent and a going concern transacting the business for which it was incorporated, except when there is no properly constituted board of directors, or by reason of dissensions among them it is impossible to carry on (Grand Lodge, K. P., v. Shorter, 219 Ala. 293, 122 So. 36), or there is a scheme to wreck the corporation and dissipate its assets, or "when, by fraud, conspiracy, or covinous conduct, or extreme mismanagement, the rights of minority stockholders are put in imminent peril and the underlying, original, corporate entente cordiale is

unfairly destroyed" (Gettinger v. Heaney, 220 Ala. 613, 127 So. 195, 198; Lost Creek Coal & Mineral Land Co. v. Scheuer, 222 Ala. 440, 132 So. 615), or "to 'prevent fraud, save the subject of litigation from material injury, or preserve it from threatened destruction.'" Birmingham Disinfectant Co. v. Smith, 174 Ala. 374, 56 So. 721, 722; Fisher v. Bankers' Fire & Marine Ins. Co., 229 Ala. 173, 155 So. 538. And "the fact that the directors and officers of a corporation are fraudulently misappropriating the assets of the company will not alone of itself constitute ground for the appointment of a receiver. If they are solvent, they can be brought to an accounting, which will afford complete relief and is therefore an adequate remedy" (Hayes v. Jasper Land Co., 147 Ala. 340, 41 So. 909, 910), or if any other remedy affords ample protection (Hayes v. Jasper Land Co. supra; Gettinger v. Heaney, supra), or "that directors * * * have voted and paid to the estate of a deceased kinsman, who was a director, money of the corporation which they had no authority to so appropriate." Alabama Coal & Coke Co. v. Shackelford, 137 Ala. 224, 34 So. 833, 97 Am. St. Rep. 23.

When tested by those rules, the right to a receiver is not here shown. Insolvency of the corporation or its officers is not alleged, nor any other fact which justifies the appointment of a receiver to operate its affairs.

But the bill seeks other relief than the appointment of a receiver. It is not filed in the alternative in various aspects, but sets out a state of facts, and upon the basis of those facts prays for various forms of relief. If there is any such relief due to be awarded in equity upon those averments, the bill is not subject to demurrer because it seeks also some unwarranted relief. Glass v. Stamps, 213 Ala. 95, 104 So. 237; Pickens v. Clark, 203 Ala. 544, 84 So. 738; Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Stokes v. Stokes, 212 Ala. 190, 101 So. 885.

So that while we think it does not show a right to have a receiver appointed for the corporation, there may be, and we think there is, other relief prayed for which is justified by the allegations. We may here consider the equity of a minority stockholder to have a personal judgment against the officers and directors of the corporation rendered in its behalf. That is a well-settled cause for the jurisdiction of a court of equity by a minority stockholder, suing for the benefit of the corporation, when the officers and directors first, and then the stockholders, refuse to proceed, or when they are themselves the parties against whom the right in favor of the corporation exists. Gettinger v. Heaney, supra; Hagood v. Smith, 162 Ala. 512, 50 So. 374; Farmer v. Brooks, 213 Ala. 137, 104 So. 322; Glass v. Stamps, supra.

We think a fair statement of the principles on which officers of a corporation may be held liable in such a suit is made in the text of 14a Corpus Juris, 102, 103, § 1869, as follows: "The directors owe a duty of managing the corporate affairs honestly and impartially in behalf of the corporation and all the stockholders. They are liable for losses of the corporation caused by their wilful and intentional departures from duty, their fraudulent breaches of trust, their gross negligence, or their ultra vires acts. They are not liable for losses happening through mere mistakes of judgment."

That those are the principles, briefly stated, upon which a liability by the officers and directors of a corporation exists, is recognized by this court. Godbold v. Branch Bank at Mobile, 11 Ala. 191, 46 Am. Dec. 211; Smith v. Prattville Mfg. Co., 29 Ala. 503; King v. Livingston Mfg. Co., 192 Ala. 269-277, 68 So. 897; Wolfe v. Underwood, 96 Ala. 329, 11 So. 344; Fisher v. Bankers' Fire & Marine Ins. Co., supra, and generally elsewhere. 2 Thompson on Corporations, § 1375 (1265) et seq.

In respect to that feature of the bill which relates to the advancement of large sums of money to certain stockholders, the purpose seems to be to require a collection of such debts and to have the officers enjoined from paying dividends to them.

If the advancements were loans and are to be repaid, a minority stockholder, by a suit in equity, may enforce their payment to the corporation, and declare a lien provided in section 7000, Code, by a suit in equity, on the same principles on which he may cause the officers and directors to account for their misdeeds. Haygood v. Smith, supra; 14a Corpus Juris, 1931; Id., p. 156, § 1935. If they were not to

be repaid, they are in the nature of a distribution of the assets of the corporation, akin to the purchase by it of that amount of its stock. Such a purchase must not be prejudicial to other stockholders. 14 Corpus Juris, 280; Sherrill v. Hutson, 187 Ala. 189, 65 So. 538; Americanized Finance Corporation v. Yarbrough, 223 Ala. 266, 135 So. 448; Henderson v. Garner, 200 Ala. 59, 75 So. 387; Dacovich v. Canizas, 152 Ala. 287, 44 So. 473; 5 Thompson on Corporations, § 4081, p. 953; Id., § 4082; Alabama T. & I. Co. v. Hall & Farley, Trustees, 152 Ala. 262, 144 So. 592.

Whether they are repayable or not, it would be prejudicial to the other stockholders to allow them to share in further distributions of either capital assets or profits, except upon a basis of equitable apportionment to the others.

The bill has equity to the extent that it seeks to make the officers alleged to be responsible for the acts of gross negligence, fraud, or willful mismanagement account to the corporation for the loss thereby occasioned, and to enjoin them from allowing the stockholders to collect dividends and share in other distributions, when they are indebted to it or have received a distribution of assets, without adjusting such distribution on a basis which would be equitable to the other stockholders, and to enjoin the directors and other stockholders from withdrawing profits whether in the form of dairy products or cash, without a dividend being so declared, or unless adjustment of the same with all the stockholders is made pursuant to their respective interests.

■ We are only considering the sufficiency of the bill against the demurrer addressed to it. In no respect is the answer of the respondents to the charges in the bill to be given any attention on this hearing.

We think the bill is not subject to the demurrer assigned, and that its equity is controlled by the principles we have discussed. Upon the basis of that discussion, the decree overruling the demurrer is without error.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.