J. GLOD, MRS. W. H. SHEARIN, JOHN GYMTRUK, JR., A. SCHLEGEL, A. SONDEY, C. L. GREER, MRS. E. R. JONES, W. DYMTRUK, R. BRAAK, A. LUDEKE v. CASTLE HAYNE GROWERS AND SHIPPERS, INC.

(Filed 15 January, 1954.)

**1. Corporations § 47—**

> In an action to dissolve a corporation under the provisions of G.S. 55-125 the stockholders may not be represented by officers of the corporation, but must be made parties and served with process as required by G.S. 55-131.

**2. Courts § 1: Constitutional Law § 21: Judgments § 25: Appeal and Error § 6c (1)—**

> Where necessary parties are not joined and served with process the judgment is a nullity for want of jurisdiction and may be disregarded or quashed *ex mero motu.*

APPEAL by defendant from *Grady, Emergency Judge,* at March Civil Term, 1953, of NEW HANOVER.

Civil action by group of stockholders for dissolution of corporation, heard below on plaintiffs' exceptions to report of referee. The report of the referee was set aside *in toto,* facts were found by the trial court, and judgment was entered (1) declaring the rights of the plaintiffs, (2) appointing a receiver, and (3) directing dissolution of the corporation and distribution of its net assets among its stockholders.

The defendant appeals, assigning errors.

*McClelland & Burney and Isaac C. Wright for plaintiffs, appellees.*
*Stevens, Burgwin & McGhee for defendant, appellant.*

JOHNSON, J. This action, one to dissolve the defendant corporation under the procedure prescribed by G.S. 55-125 for failure to earn and pay dividends, was instituted by ten stockholders of the corporation. The

record discloses there are some thirty or more stockholders. Yet it nowhere appears in the record that any of the rest of the stockholders have been made parties to the action or served with process. And the rule is that in an action like this one to dissolve a corporation, all the stockholders are necessary parties. This is necessarily so for the reason that the duties resting upon the principal officers of a corporation do not comprehend representation of the stockholders in a proceeding for dissolution. G.S. 55-125; G.S. 55-131; *McKleroy v. Gadsden Land Co.,* 126 Ala. 184, 28 So. 660; *Decatur Land Co. v. Robinson,* 184 Ala. 322, 63 So. 522. See also 13 Am. Jur., Corporations, sec. 1299; 19 C.J.S., Corporations, sec. 1710b, p. 1475; 14a C.J., p. 1142; Annotation: 15 Ann. Cas. 428, s. Ann. Cas. 1918E, 431; 31 Am. Jur., Judgments, sections 405 and 410; Annotation: 91 Am. St. Rep. 362.

G.S. 55-131 provides in part: "In an action for the dissolution of a corporation, or for the appointment of a receiver thereof, the summons must be served on the corporation by service on an officer or agent upon whom other process can be served, and shall be served on the stockholders, creditors, dealers and any others interested in the affairs of the company by publishing a copy at least weekly for two successive weeks in some newspaper printed in the county in which the corporation has its principal place of business, or if there is no such newspaper published, by posting a copy of the summons at the door of the courthouse in such county, and publishing a copy for the time and in the manner aforesaid in a newspaper published nearest the county seat of the county in which the corporation has its principal place of business or in a newspaper published in the city of Raleigh."

It is also noted that G.S. 55-125 expressly provides that before a corporation may be dissolved under its provisions "the court shall enter an order requiring all persons interested in the corporation to appear before a referee to be appointed by the court, at a time and place named in the order, service of which may be made by publication for such time as may be deemed proper by the court, and show cause why the corporation should not be dissolved."

The record fails to disclose compliance with the provisions of the foregoing statutes which require service of process on the stockholders. It thus appears that the court below was without jurisdiction to enter judgment dissolving the corporation. The judgment is a nullity for failure to comply with the requirements of due process as fixed by our statute law. G.S. 55-125; G.S. 55-131; Article I, Section 17, Constitution of North Carolina; Fifth Amendment to the U. S. Constitution. "Notice and an opportunity to be heard are prerequisites of jurisdiction, and jurisdiction is a prerequisite of a valid judgment." *Boone v. Sparrow,*

235 N.C. 396, bot. p. 403, 70 S.E. 2d 204; *Commrs. of Roxboro v. Bumpass,* 233 N.C., 190, 63 S.E. 2d 144.

"A lack of jurisdiction or power in the court entering the judgment always avoids the judgment. This is equally true when the court has not been given jurisdiction of the subject matter, or has failed to obtain jurisdiction on account of a lack of service of proper process." *Clark v. Homes,* 189 N.C. 703, 708, 128 S.E. 20. A void judgment is not a judgment; it is a nullity to be disregarded or quashed *ex mero motu.* The practice with us is to quash such judgments. It is so ordered here. See *Lewis v. Harris,* 238 N.C. 642, 78 S.E. 2d 715, for collection of cases and comprehensive discussion by *Winborne, J.* See also *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709; *Carter v. Rountree,* 109 N.C. 29, 13 S.E. 716; McIntosh, N. C. Practice and Procedure, sec. 651.

Whether the plaintiffs may pursue further in this action, as presently constituted, their alleged voting rights and creditor-claims against the corporation are questions not presented for review by this record.

Reversed and remanded.