211 So.2d 151

**Esther J. JOHNSTON**

v.

**LIVINGSTON NURSING HOME, INC., et al.**

**6 Div. 102.**

Supreme Court of Alabama.

March 14, 1968.

Rehearing Denied June 20, 1968.

A. W. Jones, Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellant.

J. Terry Huffstutler, Jr., Birmingham, and Ling & Bains, Bessemer, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a final decree of the Circuit Court of Jefferson County, Alabama, in Equity, denying appellant's petition for dissolution of appellee-corporation, and the appointment of a receiver pendente lite for said corporation. Appellant also complains of the action of the trial court in granting cross-respondents' prayer for a temporary injunction that limited and circumscribed complainant's activities as an officer and director of the corporation.

We will not undertake to set forth the pleadings or the evidence; to do so would unduly burden or lengthen this opinion without serving any useful purpose. We do state, however, that the entire record comprises 856 pages, of which 719 pages present the evidence and some of the exhibits. A condensed recital of the evidence, pursuant to Supreme Court Rule 9, covers 142 pages. We have carefully reviewed this narrated evidence. Also, we have reviewed the statement of the case and the pleadings which cover 45 pages.

The record shows that complainant (appellant), along with her sister, Mrs. Lessie H. Vick (one of the appellees), and the latter's husband, Henry E. Vick, filed in the Office of the Judge of Probate of Jefferson County, Alabama, pursuant to Title 10, Sec. 1 et seq., Code of Alabama 1940, a certificate of incorporation, incorporating the Livingston Nursing Home, Inc., which corporation is also an appellee in this cause.

The Livingston Nursing Home, Inc., was incorporated on July 11, 1959.

The Articles of Incorporation show that the total authorized capital stock was $2,-000, divided into one hundred shares of the par value of $20.00 each. The incorporators, together with the number of shares subscribed by each are as follows:

| | |
|---|---|
| Esther J. Johnston (appellant) | 50 shares |
| Lessie H. Vick (appellee) | 49 shares |
| Henry E. Vick (appellee) | 1 share |

The names of the officers and directors chosen for the first year, specified in the certificate of incorporation, are:

### OFFICERS

| | |
|---|---|
| Esther J. Johnston | President |
| Henry E. Vick | Vice President |
| Lessie H. Vick | Secretary-Treasurer |

### DIRECTORS

Esther J. Johnston
Henry E. Vick
Lessie H. Vick

All the incorporators, namely, Esther J. Johnston, Henry E. Vick and Lessie · H.

Vick, signed the petition for incorporation and signed their approval of the foregoing officers and directors. Esther J. Johnston certified that all the subscriptions for stock by the foregoing had been paid in cash.

A significant omission was the failure of the incorporators to adopt any bylaws pertinent to the operation of the corporation. No mention was made in the Articles of Incorporation of any bylaws and none were subsequently adopted. No provision was made for stockholders' or directors' meetings, either regular or special.

Mrs. Vick was named Administrator of the Livingston Nursing Home, Inc., and the evidence shows that it was with the consent of all the incorporators. Mrs. Johnston, the appellant, was not eligible to administer the affairs of the Livingston Nursing Home because she was already the administrator of another nursing home and under the rules of the Alabama State Board of Health, which licenses the operation of nursing homes, she was not eligible to be the administrator of more than one nursing home.

Appellant contends in her bill of complaint that the business affairs of the corporation have been grossly mismanaged under the control and administration of her sister, Lessie H. Vick, and her husband, Henry E. Vick; also that the nursing home has been poorly managed and operated with neglect of the patients whom she claims were served with poor quality of food. Also, complainant (appellant) contends that the officers of said Livingston Nursing Home have come to an impasse, and that due to dissension and bickering among the stockholders and officers "it is impossible for the complainant and said Lessie H. Vick and Henry E. Vick to carry on said corporation and its business affairs." In other words, the contention is that the operation of said corporate home for corporate benefit of the stockholders has become deadlocked and paralyzed. Hence, she contends that the equity court should appoint a receiver, dissolve the cor-

poration and sell the assets for payment of debts and distribution of the excess among the stockholders. There is no contention that the corporation is presently insolvent.

Appellant also complains that Henry E. Vick is a "dummy" director, has no lawful right to vote, and that the two remaining directors are irreconcilably in disagreement with respect to the management of the corporation and its assets and properties.

We are not unmindful of the elaborate brief that appellant has filed with this Court in support of her contention by assignment of error that the corporation be placed in the hands of a receiver. Appellant cites and argues many cases in support of her contention for a receiver. We are also not unmindful that each case sets forth facts that present different situations which motivated the action of the trial court.

■ The evidence in the instant case does not support the relief for a receiver. It is to be noted that appellant signed the Articles of Incorporation wherein she consented for Mr. and Mrs. Vick to be directors along with herself. She certified that the stock issued to Mr. and Mrs. Vick, as well as to herself, was fully paid for in cash. She was informed at the time who would be the directors. She was charged with lawful notice that any two of these directors would constitute a quorum, and that all three directors had a lawful right to participate in the management and control of the corporate affairs to the extent prescribed by law. She also was charged with notice that the majority vote of the directors at a lawful meeting would control, excepting, of course, a situation of disqualification to vote.

Appellant was also lawfully informed that said directors would hold office for one year "[and] until their successors are elected." Section 23, Title 10, Code of Alabama 1940. The Alabama Business Corporation Act, effective soon after the instant corporation was charted, has a

like provision. See Act No. 414, Sec. 25, Acts of Alabama 1959, Vol. 2, p. 1055.

As we view the evidence, Mrs. Vick assumed the duties of administrator of the Nursing Home with the consent of all the incorporators. Appellant was not eligible under the rules of the Alabama State Board of Health, which licenses the operation of nursing homes, to be the administrator.

While Mrs. Vick might have been derelict in the performance of some of her duties, we do not think that such derelictions affected the progress, welfare or advancement of the project to any appreciable extent. The quality of the food served might not have been to the liking and approval of appellant. While some of the employees, including the registered nurse, might on occasions have been guilty of some inefficiency or neglect, we find no evidence of any complaint other than those registered by appellant on her visits to the institution.

While there appears to have been some pronounced differences of opinion between the two sisters as to the physical operation of the project, we are unwilling to say that appellant was altogether right in her opinion and that Mrs. Vick, appellee, was wholly wrong. These arbitrary differences of opinion provoked some harsh words between them and a few blows might have been passed. This dissension would not justify judicial action to place the corporate assets in the hands of a receiver and in the end, dissolution of the corporation. Disagreements of this kind frequently are temporary and are ironed out with the passing of time.

The manner of operation does not please appellant. Appellee, Mrs. Vick, and her husband, occupy a residence on the premises which appellant contends should be devoted to housing patients in the Home. It seems that the Vicks are not paying any rent for such occupancy. Mrs. Vick contends that she should live in the premises so that she might be able to give adequate and close attention to the patients and see that they are properly cared for.

This difference is not so serious as to justify the end sought by appellant. This bickering and quarreling between the two sisters is more or less an expression of human nature and is the product of temperament that may not continue. These so-called irreconcilable differences do not, in our opinion, justify a receiver or a liquidation of the project.

While the corporation might be paying Mr. Vick a salary for maintenance work about the institution, that does not comport with the ideas of appellant. Although not strictly authorized, we think such payments are not grounds for appointment of a receiver. It also appears that Mrs. Vick draws a fixed monthly sum from the corporation in payment of automobile expense that she claims is incurred for operation of her automobile on corporate business. Appellant contends that the reimbursement for such expense should be 8¢ per mile and the travel should be supported by proof of such use. Then, too, there are some telephone bills which the company paid and which appellant contends were in whole or in part for personal calls.

While there might have been some deviations in the operation of the project that do not comport with the exact letter of the law and approved accounting practices, we think that the whole of the evidence, the narration of which we have carefully reviewed, shows that the project, under the direction and administrative management of Mrs. Vick, has been successfully operated. The operation has resulted in a substantial profit with reasonable attention being given to the exclusion of unreasonable expense. When this suit was filed, the Home had a maximum number of patients who, in our judgment, as we view the evidence, were receiving reasonable care and attention even though appellant's inspections convinced her to the contrary. The evidence discloses that the Nursing Home was making money and

showing a substantial profit. The pictorial views of the Home, both inside and outside, present an institution, and according to other evidence, that compares favorably with other like institutions. The pictures present an institution that appears to be well and orderly kept.

We find no evidence of any fraud being perpetrated by Mr. and Mrs. Vick, nor do we find any evidence that they are trying to seize control and defraud appellant of her share or interest in the corporation. We do not construe the evidence to import that the Vicks are oppressing appellant.

We observed in Holcomb v. Forsyth, 216 Ala. 486, 113 So. 516, 519(4), as follows:

"Our decisions recognize the prevailing rule that courts of equity, in the absence of fraud or maladministration destructive or injurious to the corporation, will not interfere with the internal business management of corporate affairs by the board of directors, so long as they keep within the scope of the charter powers and the purposes of its creation, and not then unless the corporation refuses to act, is incapable of seeking redress, or is so under the dominion and control of the wrongdoers that an appeal by the stockholder for corporate actions to correct or redress the abuses would be wholly futile. * * *"

We hold that appellant is not without judicial redress to correct abuses or indiscretions which she thinks do not comport with proper and lawful administration of the corporation. Gettinger v. Heaney, 220 Ala. 613, 127 So. 195, 198; Altoona Warehouse Co. v. Bynum, 242 Ala. 540, 7 So.2d 497, 501. But such redress does not embrace the appointment of a receiver and dissolution of the corporation in the absence of fraud or maladministration that is destructive or injurious to the corporation. To justify the appointment of a receiver, factors, not here present, must exist to justify such drastic action. We will not undertake to delineate these factors which our courts have held to justify such intervention.

■ The absence of bylaws or a provision in the Articles of Incorporation for regular or special meetings of the Directors is a serious omission, but not fatal. Such provision might have prevented much of the confusion apparent in the record before us. We note that appellant, as President, has assumed no authority to call a meeting of the Board. We think she had such authority. 19 C.J.S. Corporations § 747, p. 88; Union Gold Mining Co. v. Rocky Mountain Nat. Bank, 1 Colo. 531.

We do not think that the absence of bylaws containing guidelines for the calling of regular or special meetings of the Board of Directors of appellee corporation should tie the hands of all the directors, thereby resulting in paralysis of corporate functions, or the failure of the President to call such meetings should be allowed to have the same effect.

In the present case, Mrs. Vick gave written notice to appellant that a meeting of the Board would be held on a specific date in the office of her attorney. The proposed meeting, at the instance of appellant's attorney, was continued to another date. Neither the attorney nor appellant appeared at the adjourned meeting. At this latter meeting, two members of the Board of Directors, Mr. and Mrs. Vick, constituting a quorum, proceeded to transact directory business. Whether all of the business transacted met the requirements of law is not pertinent to this appeal. Suffice it to say, the meeting was lawful under the existing circumstances.

We do not think the trial court erred in denying appellant's petition for the appointment of a receiver pendente lite. As we view the record, the three directors, or a quorum of them, are authorized to function for the direction of corporate business, even though there may not be mutuality and harmony in their ideas of how the business should be managed. The evidence here does not present a deadlock that is necessarily inimical to corporate or the stockholders' interest.

Appellant complains by proper assignment of error that the trial court erred in granting a temporary injunction as prayed for in the cross bill and in ordering the register to issue the writ.

The writ of injunction issued by the register, pursuant to the mandate of the court, reads as follows:

"THESE, THEREFORE, are to command and strictly enjoin you, Esther J. Johnston, from coming upon the premises of the Livingston Nursing Home, Inc., at 4201 Bessemer Super Highway, Bessemer, Alabama, and to confine your duties as a director and officer of the said Livingston Nursing Home, Inc., to attending meetings with the President, Lessie H. Vick, by telephone or in person, at such times and places as may by mutual agreement be agreed upon between the said Lessie H. Vick and Esther J. Johnston, and by attending meetings of the Board of Directors of the Livingston Nursing Home, Inc., and by the inspection and review of the corporate records that will be made available for the inspection of the said Esther J. Johnston at reasonable times in the office of the Livingston Nursing Home, Inc., at 4201 Bessemer Super Highway, Bessemer, Alabama, until further orders from this Court; and this you will in nowise omit under penalty, etc."

We think the foregoing writ of injunction is too broad and sweeping; that it denies appellant her lawful rights as a director of the corporation. It is well established that the directors of a corporation "occupy quasi fiduciary relation to the corporation and its stockholders. The entire management of corporate affairs is committed to their charge, upon the trust and confidence that they shall be cared for and managed within the limits of the powers conferred by law upon the corporation and for the common benefit of the stockholders." Holcomb v. Forsyth, supra (6).

While it is true that Mrs. Vick complains that appellant makes herself obnoxious when she comes on the premises of the corporation, and that she is guilty of meddlesome and obtrusive acts, we conclude that such conduct, if true, is no reason for excluding appellant from on-premise inspections, except at the invitation of Mrs. Vick, or to deny her certain lawful rights incident to the performance of her duties as a director. She has just as much right to perform her duties as have the other directors who seem to resent the presence of Mrs. Johnston on the premises. We do not think that Mrs. Vick and her husband, acting in an individual or official capacity, have a lawful right to place a judicial halter around appellant's neck and tie her with judicial knots so that she will not have official access at a reasonable time to the business affairs of the corporation. She occupies a quasi-fiduciary relation to the corporation and has as much right to protect her financial interest in the corporation as do the other directors. However, such privilege to come on the premises should not be construed as a license to be officious and obnoxious. A certain amount of restraint and decorum is expected and demanded. While appellant is not authorized to override the official edicts of the other two directors, or to vacate the authority of orders of Mrs. Vick as administrator of the institution, we do think she has the prerogative to investigate and find out how the affairs of the corporation are being managed, and to complain at meetings of the directors, if she sees proper, as to any mismanagement, and to make suggestions for improvement since the corporation should operate for the benefit of all the stockholders.

While the exercise of such investigative authority may not be a pleasure or meet with the approval of the other two directors, we cannot say that it would not be to the advantage and improvement of corporate management. At least, reasonable criticism by appellant, when for constructive purposes, might be to the advantage of all concerned. We will not undertake here to lay down any guidelines which appellant must follow on her

visits to the corporate premises. We do hold that the writ of injunction invades and unduly limits the lawful rights of appellant as a director. It is our opinion that the temporary writ of injunction should be vacated by the trial court on remand of that feature of the decree. The trial court will amend the decree and vacate the writ.

We affirm that portion of the final decree which denies a receiver pendente lite. We reverse and remand that part of the decree which orders the writ of injunction to issue.

Affirmed in part, and reversed and remanded in part, with directions.

LAWSON, GOODWYN and COLEMAN, JJ., concur in the results.